Anthony Gloss, Plaintiff-Appellee, *v.* Board of Trustees, Firemen's Pension Fund of Chicago Heights, Defendant-Appellant.

(No. 54606;

First District—April 19, 1971.

L. Louis Karton, of Chicago, for appellant.

Joseph A. Londrigan, of Springfield, for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Plaintiff, Anthony Gloss, petitioned the Circuit Court of Cook County for review of an administrative order of the defendant, Board of Trustees, Firemen's Pension Fund of Chicago Heights ("Board"). (ch. 110, par. 264-279.) The Board had denied plaintiff a service-connected disability pension (ch. 108½, par. 4—110), but had granted him a nonservice dis-

ability pension. (ch. 108½, par. 4—111.) The nonservice pension was 50% of plaintiff's monthly compensation at date of retirement. The service-connected pension would have been 65% thereof. The Circuit Court reversed the decision of the Board and directed allowance of the service-connected pension. The Board appeals.

Plaintiff acted as Fire Chief of the City of Chicago Heights for 22 years. On December 26, 1967, he submitted to the Board a written request for retirement with service-connected disability pension effective January 1, 1968. Plaintiff then was 54 years old. The application included medical statements by Dr. Charles S. Baer and Dr. Donald B. Frankel.

Dr. Baer, on May 16, 1967, had diagnosed plaintiff's ailment as an early bronchial asthma and emphysema, probably due to inhalation of smoke. At that time, he referred plaintiff to Dr. Frankel who was an allergy specialist. Dr. Frankel, in his report, agreed with the diagnosis and stated that plaintiff's condition was markedly exacerbated by smoke inhalation. He also found that plaintiff was allergic to all types of smoke. In his opinion, if plaintiff's condition was allowed to progress, it would become so severe as to make plaintiff "a pulmonary cripple."

In January of 1968, at the request of the Board, plaintiff was examined by Dr. Patrick Parisi. He found that plaintiff was suffering from a lung ailment, which he described in technical terms, but stated that he could not make any recommendation until he could determine the source of the condition. He reported that plaintiff's condition warranted limitation or discontinuance of his work. However, since plaintiff had this condition for 10 or 12 years, he doubted if the disability was such that he could not carry on.

On January 25, 1968, as required by the Board, plaintiff made a written application for service-connected pension. He stated that on two specified occasions he had inhaled hot gases and smoke. After the second incident, he had severe chest pains which necessitated hospitalization. Later, while fighting a fire he suffered from chest pains and was treated by Dr. Baer. In addition, on numerous other occasions he went to see Dr. F. H. Kampe for medication. In a written report, Dr. Kampe stated that plaintiff had been under his care and hospitalized several times with allergenic bronchitis which had been aggravated by smoke inhalation.

The Board heard the testimony of Dr. Frankel. The physician in effect repeated the substance of his written report. The Board also considered a report by Dr. Joanne A. Klein. From examining plaintiff, she had concluded that his continued exposure to smoke would lead to damage to his lungs or emphysema. She stated that it was very important for plaintiff to avoid inhalation or smoke. Dr. Parisi also reported to the Board in writing that he had reexamined plaintiff and found no change

in his condition from that previously specified. The Board voted 6 nay, 1 yea and one member passed, to deny plaintiff the service-connected pension. The Board voted 7 yea and 1 nay to grant the nonservice pension.

■■ The Board contends that its decision should have been affirmed by the Circuit Court because there is no substantial evidence in the record to sustain the claim for service-connected pension; and that, therefore, the decision of the Circuit Court is contrary to the manifest weight of the evidence. Analysis of these contentions must commence from the established premise that on judicial review the findings and conclusions of an administrative agency are *prima facie* true and correct. (ch. 110, par. 274.) Upon further review, this court is required to consider the entire record and to determine whether the Circuit Court correctly determined that the findings of the Board were not supported by substantial evidence. Where the administrative order is contrary to the manifest weight of the evidence, it is the duty of the reviewing court to affirm the action of the Circuit Court in setting it aside. *Dorfman v. Gerber,* 29 Ill.2d 191, 196; *Evans v. License Appeal Commission of City of Chicago,* 95 Ill.App.2d 121, 127; *Gasparas v. Leack,* 93 Ill.App.2d 99, 109.

The Board contends that plaintiff failed to present probative evidence to support his claim. Relying upon *O'Brien v. Retirement Board,* 343 Ill.App. 630 and *Zito v. Illinois Liquor Commission,* 113 Ill.App.2d 103, the Board urges that the unsworn testimony of Dr. Frankel, plaintiff's application for pension and various medical reports were all incompetent evidence; and, therefore, should not be considered in a review of the record. But, in our opinion, both of these cited cases are inapplicable here. In those instances, it was plaintiff who challenged the introduction of incompetent evidence. Here, the Board in effect seeks to capitalize upon the manner in which it conducted its own proceedings. The Board filed the complete record as its answer to plaintiff's complaint in the Circuit Court. Thus, it shows that it accepted and considered the various medical reports and the testimony of Dr. Frankel. Further, in the *Zito* case, the documents to which plaintiff objected had not been made a part of the record since they were not marked or offered in evidence at the hearing. Consequently the trial court could not consider them in reviewing the decision of the Commission. (113 Ill.App.2d at page 110.) In the case at bar, all of the reports and documents appearing in the record were read aloud at the hearing before the Board. These documents were all properly made part of the record by the Board itself and they should be considered by the trial court and by this court in the usual process of review.

■■ Upon consideration of the entire record, we conclude that the evi-

dence clearly establishes that plaintiff is entitled to a service-connected disability pension. The pertinent statute provides this type of indemnity for a fireman, whose disability was, "incurred in or resulting from the performance of any act of duty." (ch. 108½, par. 4—110.) This phrase of the statute establishes the guidelines which must be followed here. The medical reports indicated that plaintiff was suffering from shortness of breath and chest pains due to a lung condition or disease which had been greatly aggravated by inhalation of smoke during the discharge of plaintiff's active duty as a fireman. The evidence showed that plaintiff had experienced symptoms of lung disease for approximately 7 or 8 years prior to the time that he sought retirement. The facts of plaintiff's disability and the necessity for his retirement are established by the action of the Board itself in granting the nonservice pension. The relation between inhalation of smoke and plaintiff's condition would in itself indicate that plaintiff's disability is service-connected. The evidence also shows plaintiff's previous treatment after inhalation of smoke and that further exposure to smoke would aggravate his condition to an intolerable degree. These factors combined indicate a clear and definite relationship of proximate cause between plaintiff's illness and disability and his performance of his duties as a fireman.

■■ This record also contains evidence that plaintiff's condition may have been caused in part by his allergy. However, basic principles require us to reject what is in effect a contention by the Board that the pertinent statute must be construed as requiring that the ailment and disability of plaintiff resulted solely, exclusively and only from performance of his duty without the intervention of any other contributing cause of any kind. The expressed statutory purpose of the Firemen's Pension Fund is to benefit them, their widows, children and dependents. (ch. 108½, par. 4—101.) It has been held that the pension laws of this State should be liberally construed to effectuate their purpose and in favor of those intended to be benefited. *Giuliano v. Board of Trustees, Pension Fund,* 89 Ill.App.2d 126, 128. See also *Colton v. Trustees of Pension Fund,* 287 Ill. 56, 61.

We hold that the decision of the Board of Trustees was erroneous and contrary to the manifest weight of the evidence and that plaintiff is entitled to a service-connected disability pension.

The judgment of the Circuit Court in reversing the decision of the Board was correct and proper and it should be and it is hereby affirmed.

Judgment affirmed.

BURKE, P. J., and LYONS, J., concur.