KELLY HODGES, Plaintiff-Appellee, *v.* THE BOARD OF TRUSTEES OF THE CITY OF GRANITE CITY POLICE PENSION FUND, Defendant-Appellant.

Fifth District   No. 78-316

Opinion filed July 13, 1979.

Irvin Slate, Jr., of Granite City, for appellant.

Rodney J. Pitts and Robert H. Gregory, both of Smith, Larson and Pitts, of East Alton, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Kelly Hodges, petitioned the Circuit Court of Madison County for review of an administrative decision of the defendant, Board of Trustees of the City of Granite City Police Pension Fund, denying his application for a policeman's disability pension as provided by statute. (Ill. Rev. Stat. 1975, ch. 108½, par. 3—114.1 *et seq.*) The Board's decision was reversed by the circuit court, and plaintiff was awarded a service-connected total disability pension of 65 percent of his monthly salary, the court finding that plaintiff's disability arose out of his employment.

On appeal, the Board contends that the trial court's order reversing its decision and awarding plaintiff a total disability pension was error in view of the conflicting medical evidence presented at the hearing on the question of plaintiff's disability and because of plaintiff's refusal to undergo another physical examination as requested by the Board.

The pertinent facts are not in dispute and may be briefly stated. On the date of his hearing, plaintiff was 45 years of age and had been employed as a Granite City policeman for over 21 years. According to plaintiff, he first injured his back in 1965 in a traffic accident while on duty and as a result missed 60 days of work. In 1974, he slipped and fell at the police station reinjuring his back, but he missed no work as a result of the mishap. Although he testified that he suffered recurring stiffness and soreness of his back and neck after his 1965 accident, he apparently received no major medical treatment until October 1975, when he was admitted to Wood River Township Hospital for duodenitis and a hiatus hernia. During his nine-day hospitalization, plaintiff's back was X-rayed, revealing slight lumbosacral disc space narrowing and flattening of the cervical lordotic curve. There was no mention of any accident or trauma in the 11-page hospital report.

Plaintiff was hospitalized again in December 1975 for 12 days and was found to have a cervical and lumbar spine sprain. During this hospital stay, a cervical myelogram was performed on plaintiff with negative results. Thereafter, plaintiff was examined or treated by several physicians whose reports and findings were primarily limited to subjective symptomatology of neck and back pains. The most detailed medical report presented into evidence at the hearing by plaintiff was furnished by Dr. Sharon Woodruff, a neurologist and psychiatrist, based on her examination of plaintiff on October 12, 1976. Dr. Woodruff testified that plaintiff was 100 percent permanently and totally disabled finding that he had a degenerated disc and rupture "confirmed by the 1975 myelogram of Dr. Vong," although Vong had considered the myelogram negative as had the radiologist, Dr. Donald Bottom, and plaintiff's attending physician, Dr. R. J. Wood. Plaintiff was also examined by Dr. Jacob Cohen who had been selected by the Board to determine the existence and extent of plaintiff's disability. Dr. Cohen's findings, presented to the Board in the form of a letter, indicated that more evidence was necessary as his examination revealed the absence of any abnormality which would have posed a question of total disability and permanent disability at that time. All of the foregoing medical evidence was presented in the form of written reports without objection. At the close of plaintiff's testimony, the hearing was dismissed without a determination of the issue of plaintiff's disability.

On July 29, 1977, approximately eight months after the hearing on plaintiff's application for disability pension, plaintiff filed a petition for mandamus praying for the entry of an order directing the Board to render a final decision in regard to the evidence taken at the earlier hearing. In response to plaintiff's petition, the Board, by its secretary, Gerald Pinkerton, filed an affidavit reciting that the Board had met on August 4, 1977, and unanimously denied plaintiff's application on the grounds that insufficient proof of disability had been presented by plaintiff. The affidavit further recited that plaintiff's attorney had been contacted by the Board and requested to direct plaintiff to be examined by a specialist, but that plaintiff had refused the request and stated that he would submit to no further examinations. Thereafter, plaintiff amended his complaint to seek administrative review of the agency's decision under the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) After considering the entire record of the proceedings before the Board, the trial court reversed the Board's determination, finding that it was against the manifest weight of the evidence. The court further found that plaintiff had been permanently disabled since October 1975, as a result of work-related accidents and, therefore, was entitled to disability benefits of 65 percent of his monthly salary.

The Board contends that its decision should have been affirmed by the circuit court because the evidence of plaintiff's disability presented at the agency's hearing was conflicting and in view of plaintiff's improper refusal to submit to another physical examination by a specialist as requested by the Board. The Board also asserts that the court compounded the error by granting plaintiff a service-connected disability pension in spite of the fact that plaintiff had applied for a nonduty pension. The Board does not argue that the medical evidence adduced in support of plaintiff's application for a disability pension was incompetent; rather, it urges that the evidence was inconclusive and, therefore, its denial of plaintiff's application cannot be said to have been against the manifest weight of the evidence. We agree.

■■ Our resolution of the issue presented for review necessarily begins with the recognition of the rule that upon judicial review, the findings and conclusions of an administrative agency on questions of fact are deemed to be *prima facie* true and correct. (Ill. Rev. Stat. 1975, ch. 110, par. 274; *Gloss v. Board of Trustees* (1971), 132 Ill. App. 2d 736, 270 N.E.2d 472.) On administrative review, the court's function is limited to ascertaining whether the findings and decision of the administrative agency on questions of fact are against the manifest weight of the evidence. (*Tyrrell v. Municipal Employees Annuity & Benefit Fund* (1975), 32 Ill. App. 3d 91, 336 N.E.2d 97; *Peterson v. Board of Trustees* (1971), 5 Ill. App. 3d 180,

281 N.E.2d 368.) Further, it is not the duty of the court to weigh the evidence, and neither the appellate court nor the trial court may substitute its judgment for that of the administrative agency. (*Allender v. City of Chicago Zoning Board of Appeals* (1978), 63 Ill. App. 3d 204, 381 N.E.2d 4; *Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 471, 269 N.E.2d 713, 714, *cert. denied* (1971), 403 U.S. 918, 29 L. Ed. 2d 695, 91 S. Ct. 2229.) In the case at bar, this court is required to consider whether the circuit court correctly determined that the findings of the administrative agency were not supported by substantial evidence.

The requisite medical evidence an applicant must furnish the Board in order to obtain a policeman's disability pension is controlled by section 3—115 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 3—115), which provides in pertinent part:

> "A disability pension shall not be paid unless there shall be filed with the Board, certificates of the policeman's disability, subscribed and sworn to by the policeman if competent to file the certificate, or by a representative in his behalf if he is not so competent, and by the police surgeon (if there be one) and 3 practicing physicians in the municipality. *The Board may require other evidence of disability.*" (Emphasis added.)

It is clear from the record that plaintiff has at least partially complied with the requirements of the above section by furnishing the Board with several reports or certificates of disability which were completed by physicians who treated or examined him; however, this fact alone did not mandate the Board to grant his application for a disability pension. We are of the opinion that the decision of the Board that the evidence of plaintiff's disability was inconclusive was not arbitrary nor without support in the record.

■■ Dr. Jacob Cohen, the Board's physician, was of the opinion that another medical examination was necessary in view of his examination of plaintiff which revealed the absence of any abnormality. As earlier noted, although plaintiff presented a great deal of medical evidence in support of his application for a disability pension, the evidence, consisting of hospital records, physician's certificates of disability and medical reports, was primarily confined to recitals of subjective complaints and symptoms of disability. We do not hold that plaintiff's evidence would not have supported a finding of disability; however, we cannot state that it produced a clear directive to the Board to make such a finding. As we have already stated, the fact that a contrary decision may have been reached by a different tribunal on the same facts and evidence of disability has no bearing on a court's review of an administrative agency's decision. Rather, the judicial function on appeals from administrative

decisions under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) is limited to a determination of whether the findings and decision of the administrative agency are against the manifest weight of the evidence. Under this standard, we conclude that the circuit court erred in reversing the Board's decision. This conclusion is especially compelled where the court found that plaintiff's disability arose out of the duties of his employment where his application was for a nonduty pension.

In addition, the Board is empowered by statute to require that other evidence of disability be furnished by the applicant. (Ill. Rev. Stat. 1975, ch. 108½, par. 3—115.) In the instant cause, this authority was sought to be exercised by the Board when it requested plaintiff to submit to another physical examination. However, we cannot say that plaintiff's refusal to comply with the Board's request was wrongful or so improper as to completely deny him an opportunity to satisfy this demand in the future. The only indication in the record that the Board in fact made such a request of the plaintiff appears in the affidavit of the Board secretary, Gerald Pinkerton, in which he charges that plaintiff's refusal to comply with the Board's request necessitated the denial of plaintiff's application on the grounds that he had presented insufficient proof of his disability. We note that the hearing conducted by the Board in December 1976 concluded without a decision on plaintiff's application and without any requests or directives that plaintiff submit additional medical evidence or undergo another physical examination. We cannot determine from the record when such request was first made by the Board or whether plaintiff was, in fact, ever formally notified of the request. We need not determine at this time whether a pension board's authority to require additional evidence of disability must be exercised before or during its hearing on an application for a disability pension or within any specified time period. It is our opinion that the instant plaintiff, based on the facts in this cause, should be afforded an opportunity to comply with the Board's request and, thus, not be foreclosed from receiving a disability pension if he merits one.

■■ Accordingly, it is our opinion that the only just and reasonable solution in the case at bar is to vacate the Board's decision and the order of the circuit court reversing and modifying that decision and remand this case to the Board for the taking of additional evidence, namely the findings and report of an additional medical examination of plaintiff regarding his alleged disability and an evaluation of that additional evidence by the Board in light of the evidence already presented. Ill. Rev. Stat. 1975, ch. 110, par. 275(g); *Esner v. Board of Trustees* (1979), 68 Ill. App. 3d 541, 386 N.E.2d 288.

For the reasons stated, we reverse the order of the Circuit Court of Madison County, and direct the Circuit Court to remand this case to the Board for the taking of additional evidence as provided in section 12(g) of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 275(g)) and the entry of findings on the application.

Reversed and remanded with directions.

JONES and KUNCE, JJ., concur.