## (January 6, 1983)

■ In the Matter of THOMAS P. KAVANAGH, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents. — Judgment of the Supreme Court, New York County (Shainswit, J.), entered January 19, 1982, modified, on the law, the facts and in the exercise of discretion to grant the petition to the extent of remanding the application for disability retirement to the Medical Board of the Police Pension Fund, Article II, for the purpose of considering and evaluating petitioner's back problem, and otherwise affirmed, without costs. Petitioner became a police officer in 1968. In October, 1974 he was injured, while on duty, in an automobile accident. The injuries were minor and he returned to duty five days later. On December 25, 1977 petitioner while on patrol, slipped and fell on ice. The fall caused a back injury with "some mild scoliosis of the S1" and "consistent with herniated L5, S7 disc on the left". He was under medical care for a substantial period of time. In October, 1978 petitioner applied for line-of-duty disability retirement because of this back condition. Although his back condition was found to be nondisabling it was recommended that he be assigned to light duty near his residence. Subsequently, in January, 1979 it was recommended that he be reassigned since he was no longer able to perform outside duties. On June 27, 1979 petitioner fell in the men's room of the precinct aggravating his back condition and necessitating that he again be placed on sick leave. Shortly prior to his fall petitioner and his landlord had a dispute. Apparently the matter was of serious import to the parties involved for, on July 6, 1979, while petitioner was on sick leave recuperating from the fall, a shooting incident occurred between the two men which resulted in the lodging of shotgun pellets in the left side of petitioner's chest, face and head. Petitioner was taken to Staten Island Hospital. After examination by the director of surgery of the hospital, report was made to the police department that petitioner was totally disabled for duty and would remain so for an indeterminate period of time. Subsequent examination by the police surgeon resulted in a finding that petitioner would never again perform full duty. The police commissioner referred the report to the medical board for a determination of petitioner's fitness for duty with a request that if found disabled, his retirement be recommended either for ordinary disability or accidental line-of-duty disability, as their findings might indicate. Petitioner was examined physically by the board which found him unfit for police duty by reason of atrophy of the left shoulder resulting from the wounds received in the shooting affray. No report was made on petitioner's back condition. Thereafter, the board of trustees retired petitioner for ordinary disability. We think the board of trustees held correctly that the injuries which

resulted from the shooting incident, were not connected with petitioner's police service and hence, did not entitle him to accidental line-of-duty disability retirement. Were this the sole issue, an affirmance would be indicated. However, there is nothing in the record to indicate that at the time of petitioner's examination by the medical board, they took note of the back injuries previously suffered. Conceivably, those injuries might constitute an independent basis for disability retirement. In the event that they do and are found to be causally connected to his police service, petitioner might well be entitled to accidental line-of-duty disability retirement. Accordingly, we modify to the extent of remanding the matter to the medical board to evaluate petitioner's back condition and to determine whether it constitutes a separate and independent basis for disability retirement. Concur — Murphy, P. J., Kupferman, Markewich, Bloom and Alexander, JJ.