■ In the Matter of DELIA BRESLIN, Respondent, v NEW YORK CITY POLICE PENSION FUND BOARD OF TRUSTEES et al., Appellants. — Order and judgment, Supreme Court, New York County (Price, J.), entered January 20, 1982, granting the petition to annul the administrative determination, dated April 24, 1981, and remanding the matter with the direction that petitioner be granted accidental line-of-duty death benefits, reversed, on the law, and petition dismissed, without costs. Petitioner Breslin, the mother of decedent Michael Gallagher, brought this CPLR article 78 proceeding to annul respondent trustees' determination denying her request for accidental death benefits (Administrative Code of City of New York, § B18-39.0). Petitioner's son, Michael, was a police officer who was off duty on the evening of December 29, 1978. After completing a hockey game with his Patrolmen's Benevolent Association (PBA) team, Michael attended a party for the visiting PBA team at a Knights of Columbus hall. Later that night, off-duty officer Gregory Cassin drove Michael to a bar in Astoria. The two off-duty officers arrived in the bar at approximately 3:15 A.M. on December 30, 1978. Michael immediately went to the rear of the bar with an individual named Murphy. Cassin, a stranger in the bar, exited the bar because two individuals, Phelan and Hogan, were allegedly staring at him. Phelan, Hogan and a "bouncer", named Deveau, then followed Cassin outside the bar. John Gallagher, the decedent's brother, informed Michael that Cassin and the other individuals had gone outside the

bar. Michael then joined the group outside the bar. Several "fist fights" soon erupted on the street outside the bar. During one of these fights, Phelan struck Michael with his fist. As a result of this blow, Michael fell and struck his head upon the pavement. He was then taken in an unconscious state to Elmhurst General Hospital where he died later that morning from his head injuries. The respondent trustees denied petitioner's request for accidental death benefits. However, Special Term considered the evidence and found that Michael's death occurred while he was acting in the line of duty. The court, therefore, remanded the matter to the trustees with the direction that petitioner receive accidental death benefits. The petitioner had the burden of proving that her son's death was caused while he was acting in the performance of his duty (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y., Art. 2*, 37 AD2d 378, 380, affd 32 NY2d 852). There was no evidence in this case that either the decedent or Cassin identified themselves as officers outside the bar. Instead, the evidence suggests that the decedent and Cassin were involved in a personal altercation with Phelan and his associates. Since petitioner's proof did not establish that decedent was acting as a police officer during the fight with Phelan, the trustees did not arbitrarily or capriciously deny her request for accidental death benefits. (Cf. *Matter of Kavanagh v McGuire*, 91 AD2d 888.) It was improper for Special Term to substitute its evaluation of the evidence for that of the trustees. Concur — Murphy, P. J., Ross, Carro, Asch and Alexander, JJ.