AVERILL A. ENGLISH, Plaintiff-Appellant, v. THE VILLAGE OF NORTHFIELD *et al.*, Defendants-Appellees.

First District (5th Division)   No. 87—1582

Opinion filed June 30, 1988.—Rehearing denied July 27, 1988.

Stanley H. Jakala, of Berwyn, for appellant.

Michael M. Roth, of Northbrook, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Averill A. English appeals from the trial court's affirmance of a decision of defendant Village of Northfield Police Pension Fund Board (board) denying him a line of duty disability pension. Plaintiff worked as a police officer for defendant Village of Northfield from 1966 until he was disabled in 1985, whereupon he received a 50% nonduty disability pension. In 1987, the board denied his request to upgrade his pension to 65% for a line of duty disability.

Evidence adduced at the hearing before the board includes the following: In 1972, plaintiff suffered an off-duty injury when he broke his back after falling off a ladder. In March 1978, he slipped on ice while filling a squad car with gasoline. In June 1979, his squad car was struck by a motorcycle. In April 1982, while plaintiff was preparing an accident report in the driver's car, that car was struck by another car. In May 1982, plaintiff hit his head against a gas station sign. In September 1984, another car struck plaintiff's squad car. On March 10, 1985, while attending a police seminar, plaintiff experienced pain when he bent over to pick up something. On March 10, 1985, he suffered pain while operating a squad car and has not worked as a police officer since that date. There is no dispute that plaintiff is disabled.

In requesting an upgrade of his pension, plaintiff alleged that he was entitled to a line of duty pension, either because his back condition was aggravated by several injuries that had occurred while he was on duty or because he was forced to quit working after experiencing pain while operating a squad car in March 1985. At the board hearing, plaintiff stated that he took snowmobile trips of up to 300 miles each year. Reports from various doctors were submitted and examined. None of these reports specify a cause for plaintiff's continuing back problems. The medical reports regarding the work-related incidents through September 1984 make no mention of any back injury. Furthermore, plaintiff took no time off work subsequent to three of the on-duty accidents.

The board found that the facts were insufficient to show that plaintiff's activity when he became disabled carried a risk incidental to employment, and therefore concluded that there were insufficient facts to establish that his disability resulted from any of his work-related accidents. Subsequently, plaintiff filed for administrative review in the circuit court, which affirmed the board's decision because it was not against the manifest weight of the evidence. We affirm.

On appeal, plaintiff contends he is entitled to line of duty disability payments in accordance with section 3—114.1 of the Illinois Pen-

sion Code, which provides in part:

> "Disability pension—Line of duty. If a police officer as the result of sickness, accident or injury incurred in or resulting from the performance of an act of duty, is found to be physically or mentally disabled for service in the police department, so as to render necessary his or her suspension or retirement from the police service, the police officer shall be entitled to a disability retirement pension of 65% of the salary attached to the rank on the police force held by the officer at the date of suspension of duty or retirement. A police officer shall be considered 'on duty,' while on any assignment approved by the chief of the police department of the municipality he or she serves, whether the assignment is within or outside the municipality." Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.1.

Plaintiff interprets this provision as entitling him to the 65% pension because he proved that he was performing a job-related duty—operating a squad car—when he became disabled. He relies on *Johnson v. Retirement Board* (1986), 114 Ill. 2d 518, 502 N.E.2d 718, for the proposition that a presumption of job relatedness should be applied to police injuries or illnesses. To further support this argument, he cites a New York case which held that public policy creates a presumption that a police officer's disability was sustained as a result of his employment. (*Breslin v. New York City Police Pension Fund* (1981), 111 Misc. 2d 184, 444 N.Y.S.2d 347.) However, *Breslin* was later reversed. (*Breslin v. New York City Police Pension Fund* (1983), 92 A.D.2d 800, 460 N.Y.S.2d 304, *aff'd* (1983), 60 N.Y.2d 622, 454 N.E.2d 935, 467 N.Y.S.2d 352.) Plaintiff also asserts that bank injury cases should be analogized to "heart statute" cases, wherein a presumption of job relatedness is presumed in cases of heart illnesses. He notes that when a worker's physical structures give way while he is performing his job, that is considered an accident arising out of and in the course of employment under our workers' compensation laws. See *Doyle v. Industrial Comm'n* (1981), 86 Ill. 2d 544, 427 N.E.2d 1223 (heart attack case).

Plaintiff urges this court to examine this case, not as a question involving the manifest weight of the evidence standard of review, but rather as one requiring legal interpretation of the relevant statute—section 3—114.1. (Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.1.) However, in examining section 3—114.1, we conclude that the proper standard of review thereunder is whether the board's decision is against the manifest weight of the evidence.

There is no Illinois law supporting plaintiff's proposed pre-

sumption. Such a theory actually contradicts the rule of administrative review that there exists a presumption that an administrative agency's findings and conclusions on factual questions are *prima facie* true and correct. (*Graham v. Illinois Racing Board* (1986), 145 Ill. App. 3d 383, 495 N.E.2d 1013.) Moreover, a presumption of law, such as that proposed by plaintiff, merely compels the trier of fact to reach a conclusion in the absence of contrary evidence; if any conflicting evidence is submitted, the presumption disappears as a rule of law. (*People ex rel. Daley v. Nine Thousand Four Hundred & Three Dollars* (1985), 131 Ill. App. 3d 188, 476 N.E.2d 80.) Even if, *arguendo*, there was a presumption that plaintiff's disability was job related because he experienced pain while on duty, evidence was submitted showing that the only medical report concerning a back injury resulted from an off-duty accident, *i.e.*, falling off a ladder.

Additionally, the following excerpt from section 3—114.1, "[i]f a police officer as the result of sickness, accident or injury, *incurred in or resulting from the performance of an act of duty*" (emphasis added) (Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.1), does not automatically entitle a police officer to a line of duty disability pension just because he becomes ill while on duty. The plain meaning of the phrase is that the injury must be incurred in or result from an act of duty. Therefore, plaintiff would still need to show causation, *i.e.*, that the disabling condition was caused or aggravated during the performance of a job-related task. Plaintiff has presented no evidence concerning the cause of his disability, which evidence, pursuant to the statute, is necessary to obtain a line of duty disability pension.

The case of *Johnson v. Retirement Board* (1986), 114 Ill. 2d 518, 502 N.E.2d 718, is not applicable to this present case. The *Johnson* court created no presumption of job relatedness; instead it broadened the concept of "line of duty" to include injuries incurred while a police officer was performing duties not inherently dangerous or not involving special risk. The burden of proof regarding causation did not change. Moreover, although it is true that for purposes of workers' compensation recovery, the collapse of a worker's physical structures under the stress of his usual work tasks is considered an injury arising out of and in the course of employment, it is still the Industrial Commission's duty to determine the factual question as to whether the stress was work related. See *Doyle v. Industrial Comm'n* (1981), 86 Ill. 2d 544, 427 N.E.2d 223.

When reviewing pension board decisions, a court does not reweigh the evidence but rather determines whether the board's decision is against the manifest weight of the evidence. (*Peterson v.*

*Board of Trustees of Firemen's Pension Fund* (1973), 54 Ill. 2d 260, 296 N.E.2d 721.) And, a plaintiff to an administrative proceeding has the burden of proof and relief will be denied if he fails to sustain that burden. (See *Fender v. School District No. 25* (1976), 37 Ill. App. 3d 736, 347 N.E.2d 270.) The present record contains no evidence as to which accident, or accidents, contributed to plaintiff's present disability. The most that could be said is that the evidence raises an inference that his initial off-duty back injury may have been aggravated by on-duty incidents. However, the medical reports, which make no mention of back injury after plaintiff's subsequent accidents, are competent evidence that his injury was not caused or aggravated by acts performed while he was on duty. Accordingly, the board's decision was not against the manifest weight of the evidence and must be affirmed.

Affirmed.

LORENZ, P.J., and PINCHAM, J., concur.