NEAL CAAUWE, Petitioner-Appellant, v. POLICE PENSION BOARD OF THE VILLAGE OF MIDLOTHIAN, Respondent-Appellee.

First District (5th Division)   No. 1—86—3103

Opinion filed May 26, 1989.—Rehearing denied June 16, 1989.

Stanley H. Jakala, of Berwyn, for appellant.

John B. Murphey, of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Petitioner, Neal Caauwe, petitioned the trial court to reverse the decision of the defendant, Police Pension Board of the Village of Midlothian (Pension Board), which denied his application for a policeman's disability pension under the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—101 *et seq.*). The trial court affirmed the Pension Board's decision. Petitioner appeals. The facts are as follows.

Petitioner filed an application for a policeman's disability pension with the Pension Board of the Village of Midlothian. The Pension Board held an evidentiary hearing. The evidence established that petitioner had been employed nine years with the Midlothian police department. According to petitioner's testimony, he first injured his back on June 1, 1977, during an altercation with a prisoner, when the prisoner tossed him against the wall of a jail cell. Petitioner missed no work as result of this incident. Two weeks later, on June 15, 1977, petitioner again injured his back while preparing to cut the grass in the yard of his residence. Petitioner twisted his back and could not move. Four days later, on June 19, 1977, petitioner went to South Chicago Hospital for emergency treatment. The following day, on June 20, 1977, petitioner was admitted to Michael Reese Hospital, where he was hospitalized until June 28, 1977. About four months later, on October 24, 1977, petitioner was again hospitalized and underwent a laminectomy. On December 29, 1977, petitioner returned to work. The record does not reveal when petitioner first stopped working because of his back injury.

Pursuant to the provisions of the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—101 *et seq.*) governing disability pensions, petitioner applied for a policeman's disability pension. Petitioner was examined by three physicians, Drs. James Bianchin, Albert Bosch, and Anthony Brown, selected by the Pension Board to deter-

mine the existence and extent of petitioner's disability. Dr. Bianchin's findings, presented to the Pension Board in the form of a report, concluded that petitioner "is capable of performing a sedentary-type job but he cannot function in the formal capacity of a police officer. *** I do not believe that the above named officer is completely disabled in the sense that he is not capable of employment." Dr. Bosch's finding, also presented to the Pension Board in the form of a report, concluded that petitioner would benefit from reduced physical activities that require bending and lifting and that petitioner remained a high risk spine patient. Dr. Brown's findings, which were the most extensive, concluded that petitioner demonstrated "some symptomatology; however, he appears to have functioned quite well at his present activity level and *** does not appear to be a candidate for retirement. Statistically, it would be anticipated that improvement would occur with weight reduction and a home exercise program." All of the foregoing medical evidence was presented in the form of uncertified, unsworn, unverified written medical reports of the respective doctors. At the conclusion of the evidentiary hearing, the Pension Board found from a review of the doctors' reports that "these three doctors do not all certify Detective Caauwe's disability" and denied petitioner's application for a disability pension.

Petitioner sought administrative review by the trial court of the Pension Board's decision under the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 264 *et seq.*). After considering the record of the proceedings before the Pension Board, the trial court affirmed the Pension Board's denial of petitioner's application for a disability pension. The trial court found that the Pension Board's finding that the three doctors did not certify petitioner's disability was not against the manifest weight of evidence. The trial court concluded that petitioner could do "all kinds of things that policemen can do that don't involve the difficult street *** work and therefore the Pension Board's findings that the evidence heard *** was insufficient to justify disability award is not against the manifest weight of the evidence."

On appeal, petitioner contends that because the doctors failed to certify petitioner's disability, or lack of disability, in their medical reports, there was insufficient evidence before the Pension Board on which to predicate any finding of disability or a lack thereof. Petitioner also asserts that certification by the doctors that petitioner was not disabled was mandatory under section 3—115 of the Pension Code and that because the doctors' reports lacked certification of petitioner's disability, the cause should be remanded to the Pension Board for

such certification by the doctors of their doctors' report. We agree.

■ A former prerequisite for obtaining a policeman's disability pension was embodied in section 3—115 of the Illinois Pension Code (Ill. Rev. Stat. 1979, ch. 108½, par. 3—115) which stated:

"A disability pension shall not be paid unless there shall be filed with the Board, certificates of the policeman's disability, subscribed and sworn to by *** *3 practicing physicians in the municipality.* The board may require other evidence of disability." (Emphasis added.)

In *Hodges v. Board of Trustees* (1979), 73 Ill. App. 3d 978, 392 N.E.2d 417, plaintiff petitioned the trial court for review of an administrative decision of the defendant, board of trustees of Granite City police pension fund, which denied his application for a policeman's disability pension. The trial court found that plaintiff's disability arose out of his employment, reversed the board of trustees' decision and awarded plaintiff a service-connected disability pension, 65% of his monthly salary. The board of trustees appealed and on appeal argued that the trial court's order reversing its decision and awarding plaintiff a disability pension was error in view of the conflicting medical evidence of plaintiff's disability and, also, because plaintiff refused to undergo another physical examination requested by the board of trustees. This court vacated the board of trustees' decision and the trial court's order and remanded the case to the board of trustees to take additional evidence.

Under *Hodges*, either plaintiff or the board of trustees could have produced certificates of plaintiff's disability of "3 practicing physicians" for the pension board to determine the existence of a disability. Once the three certificates were submitted, the pension board was empowered to admit and weigh additional evidence relative to either granting or denying the disability pension request.

The January 1985 amendment of section 3—115 provides that a disability pension shall not be paid by the Pension Board unless "3 practicing physicians selected by the board" issue their subscribed and sworn to certificates of the applicant's disability. To obtain a policeman's disability pension, section 3—115 of the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 3—115), as amended in January 1985, provides:

"*A disability pension shall not be paid unless there is filed with the board certificates of the police officer's disability, subscribed and sworn to by *** 3 practicing physicians selected by the board.* The board may require other evidence of disability." (Emphasis added.)

■ The foregoing language of the Pension Code is clear. Section 3—115 of the Pension Code mandates the Pension Board to select "3 practicing physicians" and requires them to furnish the Pension Board with subscribed and sworn to certificates of the applicant's disability. The Pension Board, in the case at bar, did not require the "3 physicians selected by the board" to furnish certificates of the applicant's disability and the three physicians did not submit such certificates. Therefore, the trial court's order affirming the Pension Board's denial of petitioner's pension disability is reversed and the cause is remanded to the Pension Board for it to receive certifications of the three doctors of petitioner's disability or lack thereof.

Reversed and remanded with directions.

LORENZ and COCCIA, JJ., concur.