NEAL CAAUWE, Plaintiff-Appellant, v. POLICE PENSION BOARD OF
THE VILLAGE OF MIDLOTHIAN, Defendant-Appellee.

First District (5th Division)   No. 1—90—2720

Opinion fled June 28, 1991.

314

Stanley H. Jakala, of Berwyn, for appellant.

John B. Murphey, of Rosenthall, Murphey, Coblentz & Janega, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Neal Caauwe (Caauwe), plaintiff, appeals a trial court's affirmance of a decision of the Police Pension Board of the Village of Midlothian (Pension Board) denying him a line of duty disability pension. The Pension Board denied Caauwe's application for a 65% policeman's disability pension under the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—101 *et seq.*). Caauwe has filed this timely appeal.

This is the second time this case has been before this court. The facts have been adequately set forth in the first opinion. (*Caauwe v. Police Pension Board* (1989), 184 Ill. App. 3d 482, 540 N.E.2d 453.) Briefly, according to Caauwe's testimony, he first injured his back on June 1, 1977, during an altercation with a prisoner, when the prisoner tossed him against the wall of a jail cell. Caauwe, a veteran policeman with the Midlothian police department, applied for a policeman's disability pension. The Pension Board denied him a pension, and he filed an administrative review action to review the Pension Board's denial. (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) The trial court affirmed the Pension Board's decision. This court reversed and remanded to the Pension Board on the ground that the Pension Board failed to follow a provision of the Illinois Pension Code. (Ill. Rev. Stat. 1985, ch. 108½, par. 3—115.) The pertinent provision of the Illinois Pension Code reads:

"A disability pension shall not be paid unless there is filed with the board certificates of the police officer's disability, subscribed and sworn to by *** 3 practicing physicians selected by the board. The board may require other evidence of disability." Ill. Rev. Stat. 1985, ch. 108½, par. 3—115.

In the first appeal in this matter this court reversed and remanded the cause "to the Pension Board for it to receive certifications of the three doctors of petitioner's disability or lack thereof." *Caauwe*, 184 Ill. App. 3d at 486.

Pursuant to the directive of this court, the Pension Board sent out a letter and his original medical report to each of the examining doctors: Dr. Albert V. Bosch, Dr. James T. Bianchin and Dr. Anthony L. Brown. The Pension Board received a certification from Dr. Bosch certifying that Caauwe was disabled. A certification was received from Dr. Bianchin certifying that as of the date of his examination he "cannot determine physically disabled." A certification was not received from Dr. Brown and, instead, a letter was received from Dr. Brown. In its order the Pension Board states that "[n]umerous attempts were made to contact Dr. Brown to explain exactly what was required regarding the Certification, but one was never received. Visits were made to the hospital to attempt to meet with Dr. Brown with no success."

The January 10, 1990, finding and decision of the Board articulated the following findings:

> "[B]ased upon the mandate of the Court to obtain Certifications, and based upon the State Statute referred to, which requires that no disability pension is to be paid unless the Board has 3 Certifications of Disability, and the Board does not have 3 Certifications so stating, and based upon the fact that one Certification indicated that the doctor could not make a determination of disability and another Certification was not received, based upon the totality of the evidence in the original hearing, and based upon all of the above, the Board reaffirms its decision and denies Neal Caauwe's application for a Disability Pension. In the alternative, even assuming 3 Certifications of Disability were so provided, the Board based upon the totality of the evidence in the original record, determines that Detective Neal Caauwe has failed to present sufficient credible evidence to support his Application for Disability Pension, and the Board hereby reaffirms its decision to deny the Application for Disability Pension."

Two of the physicians responded with the certification; one that Caauwe was disabled, the other that he was unable to determine whether Caauwe was disabled. The third physician corresponded with the Pension Board to the effect that it was impossible to provide a certification in part because of "the lengthy period which had elapsed subsequent to the time of evaluation."

The Pension Board concluded, Caauwe "failed to present sufficient credible evidence to support his application for disability pension and the Pension Board hereby reaffirms its decision to deny the application for disability pension." Caauwe again sought a review of the Pension Board's action. Again the trial court affirmed the action of the Pension Board. Once again Caauwe appealed to this court in the matter.

In this appeal Caauwe raises the single issue that the failure of the Pension Board to obtain three certifications is a violation of Caauwe's due process right under the fifth and fourteenth amendments of the United States Constitution.

Caauwe argues since this court stated in the first appeal that the language of the pension statute mandatorily requires the Pension Board to secure three sworn certificates of a pensioner's disability or lack thereof and since the Pension Board failed to secure three sworn certifications from two of the doctors, its failure amounted to a loss of a benefit without cause to the plaintiff, thereby violating the plaintiff's property right to have such sworn certifications attached to his application for disability pension, resulting in a violation of his due process rights for having such sworn certificates available.

■ Caauwe's failure to raise the constitutional question before the Pension Board in the original proceedings constitutes a waiver of the issue on appeal. (*Smith v. Department of Professional Regulation* (1990), 202 Ill. App. 3d 279, 559 N.E.2d 884.) "The rule of waiver applies equally to issues involving constitutional due process rights." *Smith v. Department of Professional Regulation* (1990), 202 Ill. App. 3d 279, 287, 559 N.E.2d 884; see also *Commonwealth Edison Co. v. Department of Local Government Affairs* (1984), 126 Ill. App. 3d 277, 466 N.E.2d 1351.

Caauwe argues that there was no waiver of the due process right argument, since the appellate court, in this instance, in its original opinion, *Caauwe v. Police Pension Board* (1989), 184 Ill. App. 3d 482, 540 N.E.2d 453, was a decision of first impression when it interpreted the Illinois pension statute as mandatorily requiring a pension board to produce three doctors' certifications to prove disability or lack thereof. Caauwe maintains that as a consequence, he could not have waived the mandatory requirement of the three certifications before the Pension Board hearing, since there was no court opinion that held that these certifications were mandatorily required. Caauwe's reply brief states: "As a result, when this matter was remanded to the pension board, and the board did

not comply with the requirement for the three certifications as required mandatorily by statute, which the plaintiff-appellant considers substantive due process property right, then this plaintiff-appellant, upon receipt of the board's decision for remand, raised the issue in the current proceedings before this court; namely, the issue of the due process violation \*\*\*." However, not only did Caauwe fail to raise the issue in the original proceeding before the Pension Board, he failed to raise the issue on remand to the Pension Board, after receiving the mandate from this court.

This court recently stated in *Smith*:

"plaintiff's argument that he preserved the error for appeal by raising it in the circuit court is meritless. The waiver rule specifically requires first raising an issue before the administrative tribunal rendering a decision from which an appeal is taken to the courts. (*Leffler*, 14 Ill. 2d 225, 151 N.E.2d 342; *A.R. Barnes*, 173 Ill. App. 3d 826, 527 N.E.2d 1048.) Given that, in administrative review cases, including those involving defendant [Department of Professional Regulation], the circuit courts act as the first-tier courts of review (Ill. Rev. Stat. 1989, ch. 110, pars. 3—104, 3—110; Ill. Rev. Stat. 1983, ch. 111, par. 4447), the reason and logic behind that requirement are clear." *Smith v. Department of Professional Regulation* (1990), 202 Ill. App. 3d 279, 287, 559 N.E.2d 884.

■ Even if we could hold that it was plain error not to consider the constitutional issue, we would have to affirm the trial judge. Caauwe is contending that he has an absolute right to be examined by three physicians selected by the Pension Board and he has the additional absolute right that those three reports be certified to by the physicians whether confirming or denying the existence of a disability. As a general proposition of law, pensions or annuity benefits of public employees are not vested property rights entitled to the protection of due process as guaranteed by the United States Constitution. (*Jordon v. Metropolitan Sanitary District* (1958), 15 Ill. 2d 369, 381-82, 155 N.E.2d 297.) There are exceptions of course, *i.e.*, in the case where the pension annuity benefits become vested.

■ "It is fundamental that the constitutional guarantees of procedural due process only become operative where there is an actual or threatened impairment of deprivation of 'life, liberty or property.'" (*Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 293-94, 395 N.E.2d 1376; U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Procedural due process safeguards are triggered only when the

property rights have vested. (*Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701.) The United States Supreme Court concluded in *Roth*, "[t]o have a property interest in a benefit, a person clearly must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." (*Roth*, 408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at 2709.) In other words "[t]he Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Roth*, 408 U.S. at 576, 33 L. Ed. 2d at 560, 92 S. Ct. at 2708.

■ At best that expectation in this case is predicted upon the filing with the Pension Board certificates of the police officers disability "by *** 3 practicing physicians selected by the board." (Ill. Rev. Stat. 1985, ch. 108½, par. 3—115.) In the first appeal in this case this court stated, "[t]he Pension Board in the case at bar, did not require the '3 physicians selected by the board' to furnish certificates of the applicant's disability and the three physicians did not submit such certificates." (*Caauwe*, 184 Ill. App. 3d at 486, 540 N.E.2d at 456.) The record indicates that on remand the Pension Board required the physicians to provide certifications of Caauwe's disability or lack thereof. The Pension Board made every attempt to follow the mandate of the court.

Caauwe contends that, since he is without fault in not being able to establish his disability without the Pension Board's total involvement as mandatorily required by the statute, he should be awarded his 65% disability pension based upon one sworn certificate establishing Caauwe's disability; or, alternatively, a 50% pension should be awarded if the other evidence does not substantiate a 65% disability.

We note the Pension Board's decision included the language that "[i]n the alternative, even assuming 3 Certifications of Disability were so provided, the Pension Board based upon the totality of the evidence in the original record, determines that Detective Neal Caauwe has failed to present sufficient credible evidence to support his Application for Disability Pension."

Since we find that there is no constitutional question involved, we examine the record under pertinent provisions of the Illinois Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*).

■ ■ In reviewing a pension board decision a reviewing court does not reweigh the evidence, but rather determines whether the board's decision is against the manifest weight of the evidence.

(*English v. Village of Northfield* (1988), 172 Ill. App. 3d 344, 526 N.E.2d 588.) After a careful review of the record we cannot conclude that the decision of the Pension Board is against the manifest weight of the evidence. Evidence presented at the first hearing indicated that no original incident report of the June 1, 1977, arrest made mention of an injury to Caauwe. Caauwe testified that he did not file a report on his injury because he didn't think it was that serious, but that he did, however, file a detailed written report in 1978 when a piece of paper blew up from his clipboard and nicked his eye. Caauwe acknowledged that in 1976 he had back problems. Caauwe admitted telling the hospital when he was admitted on October 24, 1977, that he hurt his back while mowing his grass on June 15, 1977, two weeks after the arrest incident and four days before he initially went to the hospital. Betty Caauwe, plaintiff's wife, testified that she and her husband owned a "wholesale variety" store and her husband sometimes did some lifting of merchandise in and out of the store. The administrative aide to the chief of the police department testified that he was involved in the June 1 incident and testified that Caauwe never gave him any indication that he had injured his back during that struggle. He further testified that when he spoke to Caauwe about Caauwe's admission to the hospital for back problems, Caauwe told him that "he injured it while he was cutting the grass *** I know he had a pull-start on his lawnmower." The Michael Reese history given by Caauwe in June of 1977 contained a reference that there was no history of back trauma and that Caauwe's chief complaint was of lower backaches for the past 11 years.

Since the Pension Board's action was not unconstitutional, the Pension Board complied with our previous order, and the decision is not against the manifest weight of the evidence, we affirm the decision of the trial court reaffirming the decision of the Pension Board denying Neal Caauwe a line of duty pension.

Judgment affirmed.

LORENZ, P.J., and GORDON, J., concur.