GERALD WESLEY, Petitioner-Appellee and Cross-Appellant, v. POLICE BOARD OF THE CITY OF CHICAGO, Respondent-Appellee (Leroy Martin, Respondent-Appellant and Cross-Appellee).

First District (1st Division)   No. 1—90—2938

Opinion filed December 16, 1991.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal and Nina Puglia, Assistant Corporation Counsel, of counsel), for appellant.

Smolin, Blum & Brandwein, of Chicago (David M. Smolin, of counsel), for appellee Gerald Wesley.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, the Chicago Police Board (Board), suspended petitioner, Officer Gerald Wesley, for 18 months after finding that he had illegally used marijuana. On administrative review, the trial court sustained the Board's finding, set aside the suspension as unduly harsh and remanded the cause for imposition of a reduced penalty. On remand, the Board reduced the suspension by one day. When petitioner again sought administrative review, the trial court reduced his suspension to six months. On appeal, the Board contends that the circuit court exceeded its scope of authority, and the Board says that it was the proper forum to impose punishment.

A summary of the evidence presented before the Board is as follows: on January 27, 1988, petitioner sought treatment for severe mood swings from the medical services section of the police department. During the medical examination, petitioner provided a specimen for a urinalysis. Subsequent laboratory analysis on the specimen revealed the presence of marijuana. Petitioner's explanation of the occurrence was that he inhaled marijuana smoke during searches of automobiles occupied by criminal suspects and at his residence where his brother and the latter's companions smoked marijuana. Other testimony indicated that petitioner's test levels were too high to have resulted from passive inhalation and could have only been achieved by smoking or eating marijuana.

██ A reviewing court will not interfere with an agency's decision to impose sanctions unless the agency acted unreasonably or arbitrarily or chose a sanction which is unrelated to the purpose of the statute. (*Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 531, 519 N.E.2d 1151.) The authority of the reviewing court is limited to reversing and remanding the agency's decision in whole or in part, and if necessary, identifying issues requiring further hearing and providing proper instructions. (Ill. Rev. Stat. 1989, ch. 110, par. 3—111(a)(6).) The determination of the appropriate sanction is one to be made by the administrative agency and not the courts. *Momney v. Edgar* (1990), 207 Ill. App. 3d 26, 29, 565 N.E.2d 246.

██ In the instant cause, the circuit court sustained the Board's determination that the evidence was sufficient to find that petitioner had illegally used marijuana. However, it found the 18-month suspension unduly harsh and reduced it to six months. We do not believe that the sanction imposed by the Board was unreasonable, arbitrary or unrelated to the purpose of the statute. Petitioner violated the law and his employment regulations. Further, such conduct undermines the police department and its ability to enforce the law. Where the court finds that a sanction imposed is improper, its authority is limited to reversal and remandment of the cause. By reducing the suspension to six months, the trial court exceeded the scope of its authority. It is the administrative agency and not the court that is authorized to impose sanctions.

We also note that petitioner has challenged the sufficiency of the evidence in a cross-appeal. Our standard for review is to determine whether the findings of the Board were against the manifest weight of the evidence. Only where an opposite conclusion is clearly evident from the record should an agency decision be disturbed on review. *Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 371-73, 498 N.E.2d 1148.

██ The evidence presented herein disclosed that during a voluntary urinalysis, petitioner tested positive for marijuana. Petitioner does not contest the validity of the test results. Based upon his interpretation of statements from the Chicago Council of Scientific Affairs from the American Medical Association, he argues that the marijuana entered his system through passive inhalation. However, the Board, relying on testimony from expert witnesses, determined that the evidence clearly established that petitioner's high test levels for marijuana could only have been achieved by his eating or smoking mari-

juana. Our review of the record does not reveal that the Board's findings were contrary to the manifest weight of the evidence.

For the reasons stated, we affirm the circuit court's affirmance of the Board's findings that petitioner illegally used marijuana, but we reverse the trial court's reversal of the Board's decision to suspend petitioner for 18 months, and we reinstate the Board's initial sanction.

Affirmed in part and reversed in part.

CAMPBELL and BUCKLEY, JJ., concur.