FLORA BANK AND TRUST, Plaintiff-Appellant, v. MICHAEL L. CZYZEWSKI *et al.*, Defendants-Appellees (Unknown Owners *et al.*, Defendants).

Fifth District   No. 5—90—0763

Opinion filed December 26, 1991.

John R. Meyer, of Meyer & Meyer, of Flora, for appellant.

Mark Tungate, of Flora, for appellee Angela K. Czyzewski Wooley.

No brief filed for appellee Michael Czyzewski.

JUSTICE WELCH delivered the opinion of the court:

Flora Bank & Trust appeals from a judgment of the circuit court of Fayette County, entered October 30, 1990, which barred deficiency judgments against Michael L. Czyzewski and Angela K. Czyzewski Wooley (appellees) in the bank's mortgage foreclosure action against them. The pertinent facts are as follows.

On March 21, 1990, Flora Bank & Trust (hereinafter Bank) filed a complaint for foreclosure against appellees, seeking to foreclose its mortgage lien on a residence owned by appellees. The complaint alleges that the amount of the original indebtedness was $18,000, that appellees were in default under the terms of the mortgage, and that the total amount due was $17,012.55, plus interest and costs. The complaint further alleges that both appellees are personally liable for any deficiency. The complaint prays for a judgment of foreclosure and a personal judgment for any deficiency, as well as authorization for a judicial sale of the property.

On May 11, 1990, a judgment was entered by the circuit court of Fayette County pursuant to a stipulation entered into between Bank and each appellee. The stipulation provides that appellees admit all of the allegations of the complaint for foreclosure, that appellees have agreed to execute and deliver to Bank deeds conveying their respective interests in the property· to Bank and that said deeds shall be made subject to the terms and provisions of the stipulation and judgment to be entered, and that appellees waive all rights of homestead and rights of redemption. Finally, the stipulation provides that the judgment is approved by the appellees and that appellees consent to entry of said judgment. The stipulation is dated May 3, 1990, and is signed by appellee Wooley and her attorney, Mark Tungate, and by appellee Czyzewski, as well as by the attorney for Bank. Appellee Czy-

zewski was not represented by counsel at the time he executed the stipulation.

The judgment entered upon the stipulation finds that the stipulation was entered into freely and voluntarily and is not unconscionable. The judgment further finds that the stipulation should be approved and that a judgment and order should be entered in accordance with said stipulation and that the court should retain jurisdiction of the cause for the purpose of enforcing all the terms of the judgment. The judgment finds that there was due to Bank from the appellees the sum of $18,861.92. The judgment ordered that appellees be barred from the right of redemption, that the mortgaged real estate be sold by Bank at public auction, and that said sale shall be to satisfy the amount due the Bank as set forth in the judgment. The terms of the sale were set forth. The manner of the disposition of the proceeds of the sale was set forth and included the provision that any surplus would be remitted to the appellees. Finally, the judgment provides that if the money arising from the sale is insufficient to pay the amount due Bank, the person conducting the sale shall specify the amount of the deficiency in the report of sale and a judgment shall be entered therefor.

On June 13, 1990, a report of sale was filed by the Bank's attorney indicating that the property had sold at auction for the sum of $4,600. The report indicated that, in the opinion of Bank, the property was worth substantially more than this amount and that the sale should be disapproved and the property be resold with a fixed minimum price. Appellee Wooley also filed an objection to the sale for the reason that the property was worth substantially more than $4,600.

On June 29, 1990, appellee Czyzewski filed a motion to bar entry of deficiency judgment. The motion alleges that appellee had executed and delivered to Bank a deed in lieu of foreclosure, that section 15—1401 of the Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1989, ch. 110, par. 15—1401) provides that Bank's acceptance of a deed in lieu of foreclosure relieves all persons from personal liability on the debt except to the extent a person agrees not to be so relieved in an instrument executed contemporaneously, and that appellee did not contemporaneously execute any such instrument. On July 31, 1990, appellee Wooley filed a similar motion to bar entry of deficiency judgment. On August 2, 1990, appellee Wooley filed an amendment to her motion to bar entry of deficiency judgment, alleging that appellee Wooley did, in fact, execute an instrument contemporaneously with her execution of the deed in lieu of foreclosure but that that instrument is vague and ambiguous as to whether appellee could be held lia-

ble for a deficiency. Because the instrument was drafted by Bank, any ambiguity should be construed against Bank and in favor of appellee. Therefore, appellee argued, she was not liable for a deficiency.

On August 6, 1990, the court entered an order disapproving the sale and ordering that the property be resold. The court refused to set a minimum price.

On September 26, 1990, a second report of sale was filed by Bank's attorney indicating that the property had sold at auction for the sum of $7,600 and that a deficiency of $12,469.41 existed. The report prayed that the sale be approved and that a deficiency judgment be entered.

On October 2, 1990, appellee Czyzewski filed a motion to bar entry of deficiency judgment similar to the motion he had previously filed. On October 4, 1990, appellee Wooley also filed a motion to bar entry of deficiency judgment similar to her amended motion previously filed.

Hearing was held on these motions on October 4, 1990. Appellee Czyzewski's attorney pointed out three paragraphs of the stipulated judgment which bear on the point at issue.

Paragraph 3 of that judgment provides as follows:

"(3) The mortgaged real estate shall be sold by Plaintiff. That Plaintiff may either employ an auctioneer or use either an officer of the bank or the bank's attorney to conduct the sale. That the sale of said premises shall be for cash with twenty percent of the sale price to be paid on the date of the public sale and the balance of the purchase price to be paid upon delivery of the deed by Plaintiff to purchaser within ten days of the date of the sale. That the abstracts of title covering said premises owned by Michael L. Czyzewski and Angela K. Czyzewski Wooley which are now in the possession of the Plaintiff and the supplemental abstract obtained by Plaintiff in connection with the preparation of the Complaint in this case shall be delivered to the purchaser at said sale. *That said sale shall be to satisfy the amount due the Plaintiff as set forth in this judgment together with interest thereon at the statutory judgment rate from the date of this judgment.*" (Emphasis added.)

Paragraph 17 provides as follows:

"(17) The proceeds resulting from the sale ordered herein shall be applied in the following order:

(a) The reasonable expenses of sale, including but not limited to abstract costs, any necessary title insurance costs, publication of notices and advertising costs, auctioneer's costs, in-

surance on the premises, both prior to and after the filing of the Complaint to the time of the delivery of the deed to the purchaser, and the fees of Plaintiff's attorney in connection with such sale;

(b) The reasonable expenses of holding, maintaining and preparing the real estate for sale, including premiums on hazard and liability insurance;

(c) *Satisfaction of the mortgage indebtedness of Plaintiff, including its costs in this proceeding;* and

(d) Remittance of any surplus to the mortgagors." (Emphasis added.)

Appellee Czyzewski's counsel argued that the italicized language clearly indicates that the sale of the property is to satisfy in full the amount due from appellee to Bank.

Paragraph 21 provides:

"(21) If the money arising from said sale shall be insufficient to pay the amounts due to Plaintiff with interest and the costs and expenses of sale, the person conducting the sale shall specify the amount of such deficiency in the report of sale and a judgment shall be entered therefore."

Appellee's counsel argued that, because his client was unrepresented by counsel at the time he entered into the stipulation, he could not have understood the import of the language of paragraph 21. He argued that the purpose of the new Illinois Mortgage Foreclosure Law was to protect the consumer and that if one who gives a deed in lieu of foreclosure is to also be held personally liable, it should be crystal clear from the instrument executed. The language of paragraph 21 is not crystal clear to a lay person. Finally, Czyzewski's attorney argued that, if Czyzewski remains personally liable for a deficiency, he received no consideration for execution of the deed in lieu of foreclosure.

Counsel for appellee Wooley argued that the judgment entered on the stipulation is ambiguous in that paragraph 3 provides that the sale of the property shall satisfy the indebtedness while paragraph 21 provides for a deficiency judgment in the event the sale proceeds are insufficient to satisfy the debt.

Attorney for the Bank argued that the deeds executed by appellees were not deeds in lieu of foreclosure. Instead, he argued, the stipulations were entered into in settlement of the foreclosure action and that by signing the stipulations appellees admitted all the allegations of the foreclosure complaint, including that they were liable for any deficiency. Attorney for Bank argued that the Bank proceeded to

foreclose on the property, which would not have been necessary had it taken deeds in lieu of foreclosure. The judicial sale was held in order to establish judicially what the amount of the deficiency was and to thereby protect the appellees. That, Bank's counsel argued, was the consideration received by appellees in return for executing the stipulation and deeds.

On October 30, 1990, an order confirming the sale was entered by the circuit court of Fayette County. This order found that the judgment entered pursuant to stipulation of the parties was ambiguous in its terms as to whether or not a deficiency was to be entered and that this ambiguity must be construed against the party who drafted the document, the Bank, and in favor of appellees. The judgment further found that there would have been no reason for appellees to execute the deeds if they had not presumed that no deficiency judgment would be entered against them. Appellees' motions to bar entry of deficiency judgments were granted. The sale of the property was approved, and deficiency judgments against appellees were barred.

Bank appeals the order barring any deficiency judgment. The parties repeat on appeal the arguments they made before the trial court. We reverse the judgment of the circuit court because we find that, regardless of whether the quit-claim deeds executed by appellees are viewed as deeds in lieu of foreclosure, the appellees signed a contemporaneous agreement to remain liable for any deficiency and we find no ambiguity in that agreement.

■■ Section 15—1401 of the Illinois Mortgage Foreclosure Law provides that acceptance of a deed in lieu of foreclosure shall relieve from personal liability all persons who may owe payment or the performance of other obligations secured by the mortgage except to the extent a person agrees not to be relieved in an instrument executed contemporaneously. (Ill. Rev. Stat. 1989, ch. 110, par. 15—1401.) The parties in the instant case take opposing views as to whether the quit-claim deeds executed by appellees conveying their interests in the subject real estate to Bank constitute deeds in lieu of foreclosure. Appellees insist that they are, in fact, deeds in lieu of foreclosure, while Bank insists that they are not. We think the answer to this question is irrelevant for we find that, contemporaneously with their execution of the quit-claim deeds, appellees executed an instrument, the stipulation which incorporated the judgment of May 11, 1990, in which they agreed not to be relieved of personal liability for the debt secured by the mortgage. While the trial court found this instrument to be ambiguous with respect to whether appellees remained personally liable, we disagree.

■ The judgment entered by the court on May 11, 1990, pursuant to the stipulation of the parties constituted a consent judgment. (See *People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1982), 108 Ill. App. 3d 266, 438 N.E.2d 1273.) Such judgments are considered contracts between the parties to the litigation, and accordingly, the law of contracts controls their interpretation. (*Citizens Utilities Co. v. Centex-Winston Corp.* (1989), 185 Ill. App. 3d 610, 613, 541 N.E.2d 681, 683.) Like any other contract, consent judgments must be construed to give effect to the intention of the parties which, when there is no ambiguity in the terms of the judgment, must be determined from the language of the judgment alone. (*Carvallo v. Carvallo* (1978), 62 Ill. App. 3d 394, 397-98, 378 N.E.2d 1288, 1291.) Furthermore, ambiguous contractual language is generally construed against the drafter of the language. *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 493, 505 N.E.2d 314, 319.

■ Appellees argue, and the trial court found, that the conflicting language in paragraph 3 and paragraph 21 creates an ambiguity which must be construed against the drafter of the instrument, the Bank. An instrument is ambiguous only if the language used is reasonably or fairly susceptible to having more than one meaning, but it is not ambiguous if a court can discover its meaning simply through knowledge of those facts which give it meaning as gleaned from the general language of the contract. (*Gardner v. Padro* (1987), 164 Ill. App. 3d 449, 453, 517 N.E.2d 1131, 1133.) A contract is not rendered ambiguous simply because the parties do not agree on the meaning of its terms. (*Gardner*, 164 Ill. App. 3d at 453, 517 N.E.2d at 1133.) In determining whether an ambiguity exists, the court must construe the contract as a whole. *L.K. Comstock & Co. v. Morse/UBM Joint Venture* (1987), 153 Ill. App. 3d 475, 480, 505 N.E.2d 1253, 1257.

We find no conflict between paragraphs 3 and 21 and therefore no ambiguity in the terms of the judgment. Appellees argue that the last sentence of paragraph 3, which states that the judicial sale shall be to satisfy the amount due the Bank, reasonably means that the judicial sale shall satisfy *in full* the debt owed by appellees to Bank. We do not find this to be a reasonable interpretation of this sentence. We think it is clear, from reading paragraph 3 as a whole and the judgment itself as a whole, that the last sentence of paragraph 3 merely states the purpose of the judicial sale but does not mean that the judicial sale shall satisfy the indebtedness in full regardless of the amount of the proceeds. Paragraph 3 of the judgment begins by ordering that the real property be sold. It then proceeds to set forth the manner of

sale and the terms thereof. It concludes by setting forth the purpose of the sale, that is, to satisfy the amount due by appellees to Bank. Paragraph 17 of the judgment provides for the manner of distribution of the proceeds of the judicial sale. After having paid the expenses of the sale and of preparing and maintaining the property for sale, the proceeds are to be applied to satisfaction of the mortgage indebtedness. After satisfaction of the indebtedness, any surplus proceeds are to be remitted to appellees. Finally, paragraph 21 clearly provides for a deficiency judgment against appellees.

● ■ ■ Appellees would have us interpret the last sentence of paragraph 3 and subparagraph c of paragraph 17 as meaning that the sale shall be in *full* satisfaction of the indebtedness. We do not think that this is a fair or reasonable interpretation of this language. A court should not search for an ambiguity where there is none. (*TDC Development Corp. v. First Federal Savings & Loan Association* (1990), 204 Ill. App. 3d 170, 175, 561 N.E.2d 1142, 1145.) Paragraph 21 of the judgment clearly provides for a deficiency judgment against appellees in the event the sale proceeds are insufficient to satisfy the indebtedness. We find no language in the judgment which conflicts with this paragraph or creates an ambiguity in the terms of the judgment.

Absent ambiguity in the terms of the consent judgment, the intent of the parties must be ascertained solely from the instrument itself and extrinsic evidence will not be admitted. (*Manor Healthcare Corp. v. Soiltest, Inc.* (1989), 192 Ill. App. 3d 934, 940, 549 N.E.2d 719, 724.) Looking at the language of the consent judgment, it appears that the parties intended that, should the proceeds of the judicial sale be insufficient to satisfy the indebtedness, a deficiency judgment would be entered against the appellees. The trial court's finding that there would have been no reason for appellees to execute the quit-claim deeds had they not assumed that no deficiency judgment would be entered against them is improper where there is no ambiguity in the terms of the contract, for in such a case, the intent of the parties to the contract must be determined from the language of the instrument alone. The language of the instrument indicates that the intent of the parties was that any surplus proceeds over and above the amount of the indebtedness would be remitted to appellees and the amount of any deficiency would be entered as a judgment against appellees.

Because we find no conflict or ambiguity in the terms of the consent judgment, and because we find that the language of that judgment indicates the parties' intention that if a deficiency existed a

judgment would be entered against appellees, we reverse the judgment of the circuit court of Fayette County.

For the foregoing reasons, the judgment of the circuit court of Fayette County is reversed and this cause is remanded for a determination of the amount of the deficiency and entry of a judgment against appellees and in favor of Bank in that amount.

Reversed and remanded.

HARRISON and LEWIS, JJ., concur.