THE DU PAGE COUNTY BOARD OF REVIEW, Plaintiff-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Second District    No. 2—95—1534

Opinion filed November 15, 1996.

Joseph E. Birkett, State's Attorney, of Wheaton (Robert G. Rybica and Margaret M. Healy, Assistant State's Attorneys, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Barbara K. Hanrahan, Assistant Attorney General, of counsel), for appellees.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, the Du Page County Board of Review (the Board), appeals the judgment of the circuit court which affirmed on administrative review the decision of defendant, the Property Tax Appeal Board (PTAB), lowering the assessment of property owned by defendants Dennis and Karen Skogsbergh. The Board contends that (1) as a matter of law the property owners failed to present clear and convincing evidence that their property was not assessed uniformly with other parcels where their evidence consisted solely of four adjusted comparables; and (2) the decision of the PTAB lowering the assessment is against the manifest weight of the evidence.

The Skogsberghs own a single-family residence in Glen Ellyn, in Milton Township. The house is a tri-level constructed primarily of brick. The Skogsberghs purchased the house in March 1990 for $405,000. The Board established a final assessment for the property of $127,960, reflecting a fair market value of $385,073.

The Skogsberghs appealed to the PTAB, claiming that the assessment was excessive compared to those of similar properties. Tax consultant Lawrence Labus was the Skogsberghs' witness before the PTAB. As part of his testimony, he discussed the assessments of four comparable properties. All four were similar homes located in the same subdivision as the Skogsberghs' house.

According to Labus, the Milton Township assessor had placed the following per-square-foot assessed values on the comparable properties: $23.81, $24.15, $22.43, and $23.99. Labus acknowledged that the Skogsberghs' home had more amenities than the others. His

spreadsheet shows that, among other things, the property at issue had more plumbing fixtures, a larger garage, and a larger patio than some or all of the comparables. Therefore, he made cost adjustments to the comparables which raised their respective values to $24.91, $24.50, $23.37, and $24.72 per square foot.

Labus testified that he neglected to take into account the differences in basement size between the subject property and the comparables. Upon doing so at the hearing, he concluded that the Skogsberghs' house should be assessed at $24.42 per square foot, resulting in a total improvement assessment for 1991 of $92,724.

Labus did not make any cost adjustment for the fact that the Skogsberghs' home is primarily brick while the comparable houses are primarily frame. He stated that he did not do so because increases in lumber prices had made frame construction nearly as expensive as brick construction.

Labus also believed that the land assessment of the subject property was too high relative to the comparables. The area of the subject parcel was 13,200 square feet. It was assessed at $26,090, or $1.977 per square foot. The comparable parcels ranged in size from 11,700 to 19,740 square feet and had assessments ranging from $21,490 to $25,020, or from $1.267 to $1.899 per square foot.

The Board of Review presented a grid analysis comparing the Skogsberghs' property to the comparables. The Board also introduced the comparables' property cards. In addition, the Board placed into evidence a fifth comparable, another property from the same subdivision that had an improvement assessment of $25.68 per square foot.

The Board's witnesses pointed out that there will be differences among the properties within a subdivision in terms of construction and amenities. The subject property is primarily brick while the comparables are predominantly frame. In addition, the subject property has an 812-square-foot garage while the garages of the five comparables range from 506 to 669 square feet. The subject has $3^1/2$ bathrooms while the other properties have either 2 or $2^1/2$ bathrooms. Finally, the subject property has a full basement, while the comparables have only half or three-quarter basements.

Board member Lawrence Kearney explained that the assessor attempts to establish median levels of assessed values based on the assessor's experience in the real estate market. As an aid to maintaining median levels of assessments, the assessor rates each property on the record cards under the category "Building Class." The subject property has a 1.9 rating, while Labus' comparables are rated 1.7 and the assessor's comparable is rated 1.7+. The higher a property's rating, the higher its value.

Land assessments are established on a per-front-foot basis with an adjustment for a depth factor, Kearney explained. The base value for each parcel in the subdivision was $135 per front foot.

The Board argued that the comparables established the fairness of the subject property's assessment. This opinion was based on the fact that the subject property and the comparables were treated as uniformly as possible, the fairness and equity of the assessment were established, and the property owners did not prove their contention of lack of uniformity by clear and convincing evidence.

The PTAB found that a reduction in the land assessment was not warranted since all the parcels were assessed uniformly at $135 per front foot with an adjustment for depth. However, the PTAB reduced the improvement assessment from $101,870 to $84,650, thus reducing the total assessment from $127,960 to $110,740.

The Board filed a complaint for administrative review in the circuit court of Du Page County. The court held that the PTAB's decision was neither contrary to law nor against the manifest weight of the evidence. The Board filed a timely notice of appeal.

On appeal, the Board first contends that the PTAB's decision was legally erroneous. The Board argues that a lack of uniformity in assessment must be proved by clear and convincing evidence and that, as a matter of law, four comparables taken from the same subdivision as the subject property cannot constitute clear and convincing evidence.

■ The Illinois Constitution requires uniformity of taxation. Ill. Const. 1970, art. IX, § 4(a). The principle of uniformity requires equality in the burden of taxation. *Kankakee County Board of Review v. Property Tax Appeal Board*, 131 Ill. 2d 1, 20 (1989). This requires equality of taxation in proportion to the value of the property taxed. *Apex Motor Fuel Co. v. Barrett*, 20 Ill. 2d 395, 401 (1960). It prohibits taxing officials from valuing one kind of property within a taxing district at a certain proportion of its true value while valuing the same kind of property in the same district at a substantially lesser or greater proportion of its true value. *Kankakee County Board of Review*, 131 Ill. 2d at 20. The taxpayer who objects to an assessment on the basis of lack of uniformity bears the burden of proving the disparity of the assessments by clear and convincing evidence. *Kankakee County Board of Review*, 131 Ill. 2d at 22.

■ Under the Administrative Review Law, judicial review of agency decisions extends to all questions of law and fact presented by the record. 735 ILCS 5/3—110 (West 1994). An agency's factual findings are deemed *prima facie* true and correct and should not be disturbed on review unless they are against the manifest weight of

the evidence. *Lake County Board of Review v. Property Tax Appeal Board*, 192 Ill. App. 3d 605, 613 (1989). However, an agency's conclusions on questions of law are not binding on the courts. Consequently, review of legal issues is *de novo. Illini Country Club v. Property Tax Appeal Board*, 263 Ill. App. 3d 410, 416-17 (1994).

The Board contends that we should review the PTAB's decision *de novo.* According to the Board, since the essential facts were undisputed, the PTAB and the trial court were faced with only a question of law: whether the four adjusted comparables constituted clear and convincing evidence that the subject property was not uniformly assessed.

In *Kankakee County Board of Review*, the supreme court noted that the uniform assessment requirement mandates that property not be assessed at a substantially greater proportion of its value when compared to similar properties located *within the taxing district. Kankakee County Board of Review*, 131 Ill. 2d at 21. The Board argues that the relevant "taxing district" is Milton Township, which contains approximately 37,000 tax parcels. According to the Board, the use of four comparables, all located in the same subdivision as the subject property, cannot, as a matter of law, provide clear and convincing evidence that the subject parcel is not uniformly assessed within the township as a whole. We disagree.

■ Initially, we reject the Board's underlying contention that the PTAB committed an error of law by relying on Labus' four comparables. The Appellate Court, Fourth District, recently rejected a similar contention in *Illini Country Club*. There, the taxpayers had to prove by clear and convincing evidence that the assessments of their golf courses were excessive. In attempting to do so, the taxpayers presented the testimony of an appraiser who identified sales of 10 and 15 comparable properties, respectively. The plaintiffs contended that the case involved a determination of whether an improper method of valuation was used, a question of law. *Illini Country Club*, 263 Ill. App. 3d at 417. The court rejected this argument, stating:

> "Even though when facts are undisputed a question of law is created and the agency's findings are not binding on the courts [citation], in the case at bar, there is dispute over the fair cash value of the subject properties. The [PTAB] had to assess the credibility of the witnesses and resolve the conflicts in the evidence. Therefore, a question of fact based on the difference of opinion of the fair cash value is the issue here." *Illini Country Club*, 263 Ill. App. 3d at 417.

Similarly, here, the only issue is whether the PTAB placed the proper valuation on the property. The question whether the four

comparable sales did or did not establish that the subject property was not uniformly assessed was a factual issue for the PTAB to resolve. Although the facts were undisputed in the sense that the parties agreed about the physical dimensions and characteristics of the subject property and the comparables, both parties presented expert testimony to the effect that the comparables supported their respective valuations. This required the PTAB to assess the credibility of the witnesses and the weight of the evidence. For example, Kearney testified that the fact that the Skogsberghs' home was constructed primarily of brick while the comparable properties were largely frame was a significant factor in valuing the property. On the other hand, the Skogsberghs' expert, Labus, testified that he did not adjust for this factor because increases in the price of lumber had rendered frame construction nearly as expensive as brick. The PTAB's decision turned largely on the resolution of these types of factual questions.

■ Moreover, we note that the Board fails to cite any authority for its related contentions that four comparables are simply too few to establish a lack of uniformity and that the comparables must be drawn from throughout the township rather than from the immediate vicinity of the subject property. The PTAB responds that by the Board's logic, since the township contains 37,000 parcels, at least 19,000 comparables would be required to establish a lack of uniformity by a preponderance of the evidence. Moreover, since clear and convincing evidence is required, the Board's argument would require at least 25,000 parcels to be compared before a lack of uniformity could be established.

In its reply brief, the Board characterizes the PTAB's argument as "preposterous and unfair." However, the Board never indicates how many comparables would be sufficient, simply falling back on its assertion that four are definitely too few.

This court has held that property selected for comparison must in fact be similar in kind and character and must be similarly situated to the property to be valued. *Du Page Bank & Trust Co. v. Property Tax Appeal Board*, 151 Ill. App. 3d 624, 630 (1986). The PTAB's rules provide:

> "Proof of unequal treatment in the assessment process should consist of documentation of the assessments for the assessment year in question of the subject property and of the suggested comparable properties, and documentation of the similarity, proximity and lack of distinguishing characteristics of the assessment comparables to the subject property." 86 Ill. Adm. Code § 1910.65(b) (1991).

Under the PTAB's rules, and as a matter of common sense, one of the factors which makes a given parcel comparable is its proximity to the subject parcel. The Board fails to explain how, if the subject parcel was not assessed uniformly compared to properties within its immediate neighborhood, evidence of the assessment of parcels in remote areas of the township would alter this conclusion. Those parcels would almost necessarily be less similar than the comparables already in evidence. In any event, if the Board believed that evidence regarding other parcels would show that the Skogsberghs' parcel was assessed uniformly compared with the township as a whole, it could have presented this evidence at the PTAB hearing. Instead, the Board presented only one additional comparable—also in the same subdivision as the Skogsberghs' property—and argued that these five comparables established that the subject parcel was uniformly assessed.

For similar reasons, the Board cannot establish that four comparable properties are an insufficient basis of comparison. As noted, the Board presented only one additional comparable and argued that those five supported the original assessment. Generally, questions of the weight and sufficiency of the evidence are for the trier of fact. "If there is any evidence which fairly supports the agency's findings, the decision must be sustained on review." *Illini Country Club*, 263 Ill. App. 3d at 417.

In *Kankakee County Board of Review*, the supreme court held that the taxpayer, Riverwoods, failed to sustain its burden to show that its property was not uniformly assessed. There, the taxpayer presented evidence of only two comparable properties. Although the court rejected the taxpayer's contention, it did not do so because the number of allegedly comparable assessments was insufficient. Rather, the court held that "[t]here is no evidence in the record to suggest that the two subsidized projects are comparable to Riverwoods' property." *Kankakee County Board of Review*, 131 Ill. 2d at 22. The clear implication of this holding is that the critical consideration is not the number of allegedly similar properties, but whether they are in fact "comparable" to the subject property.

Here, Labus' comparables, as well as the assessor's comparable, were all similar styles of homes with similar amenities located in the same subdivision as the Skogsberghs' home. Labus further adjusted the comparables' assessments to reflect differences in amenities. Additional evidence regarding properties outside the immediate vicinity would have been less relevant, not more, to the question whether the Skogsberghs' property was uniformly assessed. Thus, the PTAB's decision was not erroneous as a matter of law.

■ The Board further contends, however, that the PTAB's decision is against the manifest weight of the evidence. The Board maintains that the PTAB's valuation translates to a rate of $22.30 per square foot, which is lower than any of the allegedly comparable assessments and lower than the amount that Labus requested.

To reiterate, an agency's findings of fact are *prima facie* true and correct and should not be disturbed on review unless they are against the manifest weight of the evidence. *Lake County Board of Review v. Property Tax Appeal Board*, 192 Ill. App. 3d 605, 613 (1989). A mere difference of opinion as to value will not be sufficient to warrant judicial interference in the assessment process. *Kankakee County Board of Review*, 131 Ill. 2d at 14.

The PTAB concedes that on a square-foot basis its valuation is lower than that of any of the comparables. However, it points out that its overall assessment, $110,740, is within the upper range of the comparables, which ranged from $91,750 to $114,480.

We agree with the PTAB that, while square footage is one factor in determining value, it is not the only one. The cornerstone of uniform assessment is the fair cash value of the property in question. *Kankakee County Board of Review*, 131 Ill. 2d at 10. The definition of fair cash value is the price at which ready, willing, and able buyers and sellers would agree. *Springfield Marine Bank v. Property Tax Appeal Board*, 44 Ill. 2d 428, 430 (1970). We note that, as a practical matter, few sales of improved real property are conducted on a per-square-foot basis. The overall value of a home may be affected by many factors other than its physical size. For this reason, a one-square-foot increase in the size of the home will not necessarily be reflected in a proportional increase in its value. Because the PTAB's overall assessment of the subject property was within the range established by the comparables, it was not against the manifest weight of the evidence, and the circuit court's judgment affirming that decision was proper.

The judgment of the circuit court is affirmed.

Affirmed.

GEIGER and HUTCHINSON, JJ., concur.