SAFWAN HAMWI, Petitioner-Appellant, v. NIKKI M. ZOLLAR, Director of Department of Professional Regulation, *et al.*, Respondents-Appellants.

First District (6th Division)   No. 1—96—2972

Opinion filed October 9, 1998.

Morgen & Fox, of Chicago (Perry M. Morgen, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Karen J. Dimond, Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Respondent, the Department of Professional Regulation (Department), denied the request of petitioner, Safwan Hamwi, a physician, to expunge the record of a disciplinary action against his medical license. Petitioner sought review in the circuit court of Cook County, naming as respondents the Department and the Director of the Department, Nikki Zollar (Zollar). The circuit court affirmed the decision of the Department and denied plaintiff's complaint for administrative review. On appeal, petitioner contends that the trial court erred in affirming the Department's denial of his request for expungement of the disciplinary action from its records. For the following reasons, we affirm the judgment of the trial court.

The record reveals the following relevant facts. Petitioner is a physician licensed in good standing to practice medicine in the State of Illinois. In January 1987, petitioner, then a resident of the State of Ohio, pled guilty to misdemeanor charges of attempted forgery and attempted uttering[1] in the Court of Common Pleas, Cuyahoga County, Ohio, and was sentenced to pay a fine of $500. In May 1987, petitioner accepted the offer of a medical internship program in Chicago and ap-

---

[1]As defined in Blacks Law Dictionary 1387 (5th ed. 1979), "[t]o utter, as used in a statute against forgery and counterfeiting, means to offer, whether accepted or not, a forged instrument, with the representation, by words or actions, that the same is genuine."

plied to the Department for a temporary license to commence in July 1987.

Later in 1987, petitioner entered into a consent order with the Department, whereby he stipulated to his conviction, agreed to accept the disciplinary sanction of a reprimand, and waived his rights to have the pending allegations reduced to written charges, to a hearing, to contest any charges brought, to administrative review of any order resulting from a hearing, and to administrative review of the consent order. Petitioner did not receive his temporary medical license until February 1988, causing him to forfeit his internship position. Petitioner secured another internship position in July 1988.

In March 1988, pursuant to an application filed by petitioner, the State of Ohio entered a judgment of expungement in which the state sealed the official records pertaining to petitioner's conviction. However, the Ohio court order provided that, upon conviction of a subsequent offense, the sealed records could be considered by the court in determining the sentence or other disposition.

In July 1990, petitioner applied to the Department for issuance of a permanent Illinois medical license. After disclosure of the Ohio expungement order and investigation by the Department, petitioner was issued a permanent medical license in December 1990.

In July 1994, petitioner applied for a medical license in the State of Kentucky. The Department reported the previous disciplinary action in Illinois to the Kentucky licensing board. Petitioner disclosed all of the facts relevant to his disciplinary reprimand and expunged conviction, and the State of Kentucky issued a medical license to petitioner in 1994.

In January 1995, petitioner filed a petition to expunge his prior disciplinary action with the Department based on the expungement of his conviction from the court records of the State of Ohio. In April 1995, petitioner submitted his own affidavit to the Department in which he averred that, at the time he agreed to the entry of the consent order, an attorney for the Department had told him that if his Ohio conviction was expunged, his Illinois disciplinary reprimand would also be expunged.

On September 8, 1995, Zollar found that petitioner failed to allege any evidence to warrant expungement of his reprimand, because the expungement of petitioner's conviction was not as the result of an error or reversal of petitioner's conviction on appeal. Zollar denied petitioner's petition to expunge his disciplinary record.

On October 12, 1995, petitioner filed a complaint in the circuit court of Cook County seeking administrative review of the findings of

the Department. Therein, petitioner again alleged that the State of Ohio expunged all record of his conviction from the court records of that state and that his conviction was the only basis for the disciplinary reprimand action taken by the State of Illinois. Petitioner further alleged that at the time he agreed to the consent order resulting in the reprimand action by the Department, he had received assurances from a Department attorney that, upon expungement of his conviction in Ohio, the Department would also expunge the reprimand from its records.

Petitioner requested that the circuit court reverse the decision of the Department denying the expungement of his disciplinary reprimand and order the Department to expunge the reprimand from its files. In the alternative, petitioner requested that the trial court either remand the matter to the Department for reconsideration or vacate the 1987 consent order.

A hearing commenced on petitioner's complaint on July 12, 1996. On July 19, 1996, the trial court entered an order denying petitioner's complaint for administrative review, finding the Department's decision neither arbitrary nor capricious nor against the manifest weight of the evidence. Petitioner filed a timely notice of appeal on August 15, 1996.

On appeal, petitioner argues that the trial court erred in affirming the Department's denial of his request for expungement of the disciplinary action from his records.

■ Upon administrative review, the function of both the trial court and the appellate court is limited to determining whether the findings and conclusions of the administrative agency are against the manifest weight of the evidence. *Launius v. Board of Fire & Police Commissioners*, 151 Ill. 2d 419, 427, 603 N.E.2d 477 (1992). The Administrative Review Law provides that our review encompasses all questions of law and fact presented by the entire record. 735 ILCS 5/3—110 (West 1996); *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 148, 688 N.E.2d 90 (1997); *Richard's Tire Co. v. Zehnder*, 295 Ill. App. 3d 48 (1998). Only where an opposite conclusion is clearly evident from the record should an agency decision be disturbed on review. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992); *Wesley v. Police Board*, 223 Ill. App. 3d 1042, 586 N.E.2d 348 (1991). An agency's findings and conclusions on questions of fact are held to be *prima facie* true and correct. 735 ILCS 5/3—110 (West 1996); *Chief Judge of the Circuit Court v. American Federation of State County & Municipal Employees, Council 31*, 153 Ill. 2d 508, 514, 607 N.E.2d 182 (1992). A petitioner in an administrative proceeding has the burden of proof and relief will be denied if he fails to sustain that

burden. *English v. Village of Northfield*, 172 Ill. App. 3d 344, 348, 526 N.E.2d 588 (1988).

■ However, an administrative agency's determinations of law are not accorded the same deference as its findings of fact. *Oregon Community Unit School District No. 220 v. Property Tax Appeal Board*, 285 Ill. App. 3d 170, 175, 674 N.E.2d 129 (1996), *appeal granted*, 172 Ill. 2d 554, 679 N.E.2d 381 (1997). The interpretation of a statute is a question of law. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961 (1995). An administrative agency's finding on a question of law or an interpretation of a statute, including a statute it is charged with administering, is not binding upon this court. *Branson*, 168 Ill. 2d at 254. Our review of legal issues is *de novo*. *Du Page County Board of Review v. Property Tax Appeal Board*, 284 Ill. App. 3d 649, 653, 672 N.E.2d 1309 (1996).

We have reviewed the record, including the transcript of the hearing and petitioner's final administrative decision. Petitioner raises one issue of law and one of fact. Accordingly, a *de novo* standard of review is appropriate for the first issue raised by petitioner.

Petitioner initially argues that, under the United States Constitution and the Illinois Uniform Enforcement of Foreign Judgments Act (Foreign Judgments Act) (735 ILCS 5/12—650 (West 1996)), the Illinois courts must give full faith and credit to the Ohio court judgment of expungement and order to seal records. Petitioner thus presents a question of law.

■ The authority of the Department is governed by the Illinois Medical Practice Act of 1987 (the Act) (225 ILCS 60/1 *et seq.* (West 1994)). Section 22 (A)(5) of the Act provides for disciplinary action as follows:

> "The department may revoke, suspend, place on probationary status, or take any other disciplinary action as the Department may deem proper with regard to the license *** of any person issued under this Act to practice medicine *** upon any of the following grounds:

> \* \* \*

> (5) Engaging in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud or harm the public." 225 ILCS 60/22 (A)(5) (West 1994).

The consent order petitioner entered into with the Department provides as follows:

> "Information has come to the attention of the Department that on or about January 14, 1987, Safwan Hamwi was convicted in the Court of Common Please of the State of Ohio, Cuyahoga County, of

the misdemeanor offenses of (1) attempted forgery; and (2) attempted uttering. As a result of said convictions, Applicant was sentenced to pay a fine of $500.00. No other sanction(s) were imposed.

The underlying acts, if proven to be true, would constitute grounds for denying Applicant issuance of a license on the authority of Public Act 85—004 (1987), Section 22(5).

Applicant acknowledges the truth and accuracy of the Department's information supra."

Petitioner does not dispute the fact of his criminal conviction.

■ ■ The full faith and credit clause of the United States Constitution (U.S. Const., art. IV, § 1) provides that full faith and credit must be given to the judicial proceedings of every other state. *First Wisconsin National Bank v. Kramer*, 202 Ill. App. 3d 1043, 1047, 560 N.E.2d 938 (1990). The purpose of the Act is to implement the full faith and credit clause of the federal constitution and to facilitate the interstate enforcement of judgments in any jurisdiction where the judgment debtor is found. *Meyer v. First American Title Insurance Agency of Mohave, Inc.*, 285 Ill. App. 3d 330, 674 N.E.2d 496 (1996). The Foreign Judgments Act was adopted in Illinois to aid the enforcement of *money* judgments across state lines:

"§ 12—618. Definitions. As used in Sections 12—618 through 12—626 of this Act:

\*\*\*

(b) 'foreign judgment' means any judgment of a foreign state *granting or denying recovery of a sum of money*, other than a judgment for taxes, a fine or other penalty, or a judgment for support in matrimonial or family matters." (Emphasis added.) 735 ILCS 5/12—618 (West 1996).

Thus, the Foreign Judgments Act is typically invoked by a litigant who has obtained a judgment in a civil suit in one state and wants to enforce the judgment against a debtor who is located in another state. Petitioner's argument that the expungement of his *criminal* proceedings in Ohio must be enforced by way of the Foreign Judgments Act is unsupported by any authority and therefore unavailing.

Petitioner further argues that the Department is estopped from denying expungement and nondisclosure of plaintiff's records based on the representations allegedly made by a Department attorney to plaintiff at the time plaintiff signed the consent order. This issue presents a question of fact. In support, plaintiff submits his own affidavit, wherein he avers as follows:

"(5) On or about November 8, 1997, I was called for and attended a meeting at the Department's offices in Chicago, Illinois.

At that time, I negotiated an agreement for a consent order regarding issuance of a reprimand in return for issuance of a temporary license with attorney *** who represented the Department.

(6) At the time of said meeting, I informed [the Department attorney] that my attorney, Larry Torbow, was in the process of petitioning the Ohio Court to expunge the record of conviction. [The Department attorney] stated in response to my inquiry that any disciplinary sanction resulting from the consent order in Illinois would be expunged from the Department's records upon expungement of the conviction in Ohio."

The record shows that petitioner filed his petition to expunge his prior disciplinary action on January 17, 1995. Therein, petitioner made no mention of either an alleged conversation or agreement he made with the Department attorney. Petitioner did not file his supporting affidavit until April 11, 1995.

■ A consent judgment is "an independent undertaking which may take precedence over pleadings and evidence and may even delineate and limit the relief to be granted." *Village of Mundelein v. Village of Long Grove*, 219 Ill. App. 3d 853, 862, 580 N.E.2d 599, 605 (1991). An agreed or consent order is tantamount to a contract. *Mundelein*, 219 Ill. App. 3d at 861. As in any other contract, consent judgments must be construed to give effect to the intentions of the parties, which must be determined from the language of the judgment alone when there is no ambiguity in the terms of the judgment. *Flora Bank & Trust v. Czyzewski*, 222 Ill. App. 3d 382, 388, 583 N.E.2d 720, 725 (1991).

■ To invoke equitable estoppel against a municipality there must be an affirmative act on the part of the municipality and the inducement of substantial reliance by the affirmative act. *Halleck v. County of Cook*, 264 Ill. App. 3d 887, 637 N.E.2d 1110 (1994); *Lindahl v. City of Des Plaines*, 210 Ill. App. 3d 281, 295, 568 N.E.2d 1306 (1991). The affirmative act that prompts a party's reliance must be an act of the public body itself, such as a legislative enactment, rather than the unauthorized acts of a ministerial officer or a ministerial misinterpretation. *Lindahl*, 210 Ill. App. 3d at 295. A municipality cannot be estopped by an act of its agent beyond the authority expressly conferred upon that official. If a municipality were held bound through equitable estoppel by an unauthorized act of a governmental employee, then the municipality would remain helpless to remedy errors and would be forced to permit violations "to remain in perpetuity." *Chicago v. Unit One Corp.*, 218 Ill. App. 3d 242, 246, 578 N.E.2d 194 (1991), citing *Lake Shore Riding Academy, Inc. v. Daley*, 38 Ill. App.

3d 1000, 1003, 350 N.E.2d 17 (1976). Representations advanced by an attorney have been held insufficient to bind a municipality under the doctrine of estoppel. *Marx v. Illinois*, 165 Ill. App. 3d 332, 519 N.E.2d 82 (1988) (assistant Attorney General); *In re Application of Critton*, 139 Ill. App. 3d 719, 487 N.E.2d 726 (1985) (private attorney).

■ Finally, the doctrine of promissory estoppel is inapplicable to the State absent "extraordinary circumstances." *Hickey v. Illinois Central R.R. Co.*, 35 Ill. 2d 427, 220 N.E.2d 415 (1966) (state and city governmental bodies, which, for more than 50 years, disclaimed any interest in certain lands and lakeshore boundary lines in favor of a railroad company, and consummated and confirmed conveyances, executed leases, and agreed upon development projects regarding such lands, were estopped from asserting any title to such lands).

■ In the present case, the consent order does not provide for expungement of the reprimand in the event that petitioner's conviction is expunged from the Ohio court system. In addition, petitioner has failed to present any evidence showing that a promise was made to him, outside of his own affidavit. As the record fails to reveal either an affirmative act on the part of the Department or extraordinary circumstances based on that affirmative act, petitioner's promissory estoppel argument must fail.

■ Lastly, petitioner requests that this court vacate the 1987 consent order. As mentioned above, our function is limited to determining whether the findings and conclusions of the administrative agency are against the manifest weight of the evidence. We note that petitioner failed to request that the Department vacate his consent order. As such, it is beyond our authority to address this issue on appeal. We concur with the findings of the trial court respecting both the findings of law as well as the findings of fact made by the Department. For these reasons, we affirm the judgment of the circuit court.

Affirmed.

GREIMAN and ZWICK, JJ., concur.