February 1, 1999

No. 2--98--0057

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ADMIRAL DISPOSAL COMPANY, ) Appeal from the Circuit Court

) of Du Page County.  

) 

Plaintiff--Appellant, ) No. 97--MR--0234

)

)

)

THE DEPARTMENT OF REVENUE )

and KENNETH ZEHNDER, Director )

of the Department of Revenue )

) Honorable

) Bonnie M. Wheaton,

Defendants--Appellees. ) Judge, Presiding.

___________________________________________________________________

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Admiral Disposal Company (Admiral), appeals from the order of the circuit court affirming the administrative decision of the Illinois Department of Revenue in favor of defendants, Illinois Department of Revenue and Kenneth Zehnder, Director of the Illinois Department of Revenue (collectively, the Department).  Admiral argues that the Department erred in finding that Admiral was not entitled to an exemption to the Use Tax Act (the Act) (35 ILCS 105/1 
et seq.
 (West 1996)).  We affirm.

Admiral is an Illinois corporation that provides refuse removal services.  In 1990 Admiral purchased two garbage trucks for its business.  Admiral claimed that the purchase was tax exempt under a rolling stock exemption (see 35 ILCS 105/3--55(c) (West 1996)) of the Act.  The Department issued a notice of tax liability to Admiral in June 1993, indicating that Admiral owed approximately $18,700 in use taxes, interest, and penalties.  Admiral protested the notice and requested an administrative hearing.

A hearing was held before an administrative law judge in September 1995.  At this hearing, Admiral presented evidence regarding the nature of its business.  Admiral services several hundred businesses, condominiums, and apartment complexes in Chicago.  Admiral provides the on-site dumpsters and collects refuse from the dumpsters at intervals specified in the contracts with these businesses.  The garbage is then taken to landfill sites in either Hillside, Illinois, or Gary, Indiana.

Admiral's standard contract provides that "[c]hanges in landfill rates or distances shall effect [
sic
] monthly rates in the month they occur."  Tom Becvar, president of Admiral, testified that the distance to the landfill would increase the charge for refuse collection and that some customers insisted that their garbage be taken to landfills in Indiana.  

The administrative law judge found Admiral to be a private carrier and not a carrier for hire.  Thus, Admiral was not entitled to the rolling stock exemption.  The administrative law judge found that the nature of the contracts, as well as the very nature of the refuse collection business, meant that Admiral's primary business was the removal of refuse from a customer's premises.  In so finding, the administrative law judge rejected Admiral's argument that its primary business was the transportation of garbage to a specific location.  The administrative law judge found that Admiral became the owner of the refuse upon collection but found that this factor was not dispositive on the issue of the rolling stock exemption.

The Department accepted the recommendations of the administrative law judge and issued a final assessment against Admiral in March 1997.  Admiral filed suit for administrative review in the circuit court.  Following briefing and a hearing on the matter, the circuit court affirmed the decision of the Department.  Admiral timely appeals.

Admiral presents numerous arguments to support its position, but the appeal is defined by a single issue, namely, whether the decision of the administrative agency was in error.  Our standard of review for a final administrative decision is governed by the Administrative Review Law (735 ILCS 5/3--101 
et seq.
 (West 1996)).  The Administrative Review Law provides that our review encompass all questions of law and fact presented by the entire record.  735 ILCS 5/3--110 (West 1996); 
Bridgestone/Firestone, Inc. v. Aldridge
, 179 Ill. 2d 141, 148 (1997).  Our role is to review the administrative decision, not the trial court's determination.  
Richard's Tire Co. v. Zehnder
, 295 Ill. App. 3d 48, 56 (1998).  The statute further mandates that an administrative agency's factual findings are "held to be 
prima facie
 true and correct."  735 ILCS 5/3--110 (West 1996); see also 
Board of Education of Round Lake Area Schools v. State Board of Education
, 292 Ill. App. 3d 101, 108 (1997).

However, an administrative agency's determinations of law are not accorded the same deference as its findings of fact.  
Oregon Community Unit School District No. 220 v. Property Tax Appeal Board
, 285 Ill. App. 3d 170, 175 (1996).  The interpretation of a statute is a question of law.  
Branson v. Department of Revenue
, 168 Ill. 2d 247, 254 (1995).  An administrative agency's finding on a question of law or an interpretation of a statute, including a statute it is charged with administering, is not binding upon this court.  
Branson
, 168 Ill. 2d at 254.  Our review of legal issues is 
de novo
.  
Du Page County Board of Review v. Property Tax Appeal Board
, 284 Ill. App. 3d 649, 653 (1996). 

The Use Tax is imposed upon the privilege of using tangible personal property in Illinois.  35 ILCS 105/3 (West 1996).  One exemption to this tax is a multistate exemption for rolling stock.   "The use, in this State, by owners, lessors, or shippers of tangible personal property that is utilized by interstate carriers for hire as a rolling stock moving in interstate commerce as long as so used by the interstate carriers for hire ***."  35 ILCS 105/3--55(c) (West 1996).

This exemption applies to rolling stock used by an interstate carrier for hire, even if it is used entirely intrastate, so long as the property either starts from, or is being delivered to, points outside of Illinois.  35 ILCS 105/3--60 (West 1996).  Private carriers are not entitled to the rolling stock exception, even though their activities may be similar in many ways to a carrier for hire.  See 
Square D Co. v. Johnson
, 233 Ill. App. 3d 1070, 1081-83 (1992).  

Admiral argues that it is a carrier for hire and thus entitled to the rolling stock exemption.  This argument is premised upon the notion that Admiral is in the business of transporting its customer's property across state lines.  The Department disagrees with this proposition for two reasons.  First, the Department argues that the transportation of refuse is merely incidental to Admiral's business.  Second, the Department also suggests that the garbage collected by Admiral becomes Admiral's property upon collection.

The Act does not define the terms "carrier for hire" and "private carrier."  However, the Illinois Commercial Transportation Law (625 ILCS 5/18c--1101 
et seq.
 (West 1996)) does provide a definition of "private carrier":

" 'Private carrier by motor vehicle' means any person engaged in the transportation of property or passengers by motor vehicle other than for hire, whether the person is the owner, lessee or bailee of the lading or otherwise, when the transportation is for the purpose of sale, lease, or bailment and in furtherance of the person's primary business, other than transportation."  625 ILCS 5/18c--1104(27) (West 1996).

If we accept this definition by analogy (see 
Russell v. Jim Russell Supply, Inc.
, 200 Ill. App. 3d 855, 866 (1990)), we must then determine whether the transportation involved in the present case was Admiral's primary business or merely in furtherance of that business.  If transportation is not Admiral's primary business, it is not a carrier for hire and not entitled to the rolling stock exemption.  

The "primary business test" was initially developed as an interpretation of an Interstate Commerce Commission regulation in response to carriers who had been using sham "buy and sell" arrangements to avoid regulations.  
Russell
, 200 Ill. App. 3d at 867.  The federal courts developed 12 criteria for evaluating the primary business test's application to a specific case.  These criteria include the following:

" '1.  Whether the carrier is the owner of the property transported.

2.  Whether orders for the property are received prior to its purchase by the carrier.

3.  Whether the carrier utilizes warehousing facilities and the extent of this use as a storage place.

4.  Whether the carrier undertakes any financial risks in the transportation-connected enterprise.

5.  Whether the carrier includes in the sale price an amount to cover transportation costs and its relation to the distance the goods are transported.

6.  Whether the carrier transports or holds out to transport for anyone other than itself.

7.  Whether the carrier advertises itself as being in a noncarrier business. 

8.  Whether its investment in transportation facilities and equipment is the principal part of its total business investment.

9.  Whether the carrier performs any real service other than transportation from which it can profit.

10.  Whether the [carrier] at any time engages for-hire carriers to effect delivery of the products, as might be expected, for example, when it is called upon to fill an order and its own equipment is otherwise engaged.

11.  Whether the products are delivered directly from the shipper to the consignee (
i.e.
, without intermediate warehousing).

12.  Whether solicitation of the order is by the supplier rather than the truck owner.' "  
Russell
, 200 Ill. App. 3d at 868-69, quoting 
Gensler v. Wisconsin Department of Revenue
, 71 Wis. 2d 1108, 1121-22, 236 N.W.2d 648, 654-55 (1975).

Admiral asserts that each of these criteria favor a finding that it is a carrier for hire.  This assertion, however, is based upon Admiral's conclusory statements and not upon facts presented in the record.  Therefore, we will address only those criteria that are supported by facts in the record.  

Of all the criteria, the parties spend the most time and effort attempting to ascertain who owns the refuse upon collection.  The parties disagree regarding whether property placed into dumpsters is abandoned by its owner and becomes Admiral's property.  Abandonment may be described as "the giving up of something to which one is entitled; the giving up of a thing absolutely, without reference to any particular person or purpose."  
O'Connor v. Maryland Motor Car Insurance Co.
, 287 Ill. 204, 208 (1919).  "The primary elements of an abandonment of property are the intention to abandon, and the external act by which that intention is carried into effect.  These elements must concur for an abandonment to be effective."  1 Am. Jur. 2d 
Abandoned, Lost, Etc., Property
 §11 (1994).  A person who places property in a dumpster undoubtedly wishes to relinquish possession of the property, but it is not entirely clear whether the property is truly abandoned.  It is conceivable that a person may retain a property interest in her or his garbage.  
Cf.
 
California v. Rooney
, 483 U.S. 307, 320, 97 L. Ed. 2d 258, 268, 107 S. Ct. 2852, 2859 (1987) (White, J., dissenting, joined by Rehnquist, C.J., and Powell, J.) (assuming a property interest in trash under state law while addressing fourth amendment property rights).  This interest does not equate to a right to privacy in refuse (
California v. Greenwood
, 486 U.S. 35, 40-41, 100 L. Ed. 2d 30, 36-37, 108 S. Ct. 1625, 1628-29 (1988)), and it does not necessarily follow that an ownership interest in the trash is either retained or extinguished when the refuse is collected.  Here, due to the unique nature of refuse, we find that the first of the criteria, whether the carrier is the owner of the property, supports neither party's position.    

Upon reviewing the remaining few factors that are applicable to the present case, it is apparent that Admiral is a private carrier.  Despite the submission of the form contract and the unsupported testimony of Admiral's president, no evidence was presented that Admiral charged different rates for different clients based upon the distance of the travel to the landfill.  Admiral's rates may have gone up for all customers due to increases in shipping charges, even though this was not proved at trial, but there is no evidence that this rate would have varied among individual clients.   

Garbage collection is a unique business that does not fit neatly into preestablished categories.  There can be little doubt that Admiral transports property from its customers' premises to landfills.  However, this does not mean that Admiral's business should be characterized as the transportation of goods entrusted to its care.  As recently noted by the United States Supreme Court, "what makes garbage a profitable business is not its own worth but the fact that its possessor must pay to get rid of it."  
C&A Carbone, Inc. v. Town of Clarkstown
, 511 U.S. 383, 390-91, 128 L. Ed. 2d 399, 408, 114 S. Ct. 1677, 1682 (1994).  Customers do not engage Admiral's services because they wish a valuable good to be safely transported to a specific destination.  Customers merely want Admiral to empty the garbage from their dumpsters on regular intervals.

Finally, Admiral argues that the Du Page County circuit court case Advance Disposal Services, Inc. v. Department of Revenue, No. 94 TX 15 (Cir. Ct. Du Page Co.), should impact the present case.  Specifically, Admiral argues that the Department is collaterally estopped from denying that Admiral is a private carrier because it had argued that Advance Disposal, a similarly situated business, was a private carrier.  As defendant properly notes, however, collateral estoppel bars only the relitigation of facts, not questions of law.  
Nokomis Quarry Co. v. Department of Revenue
, 295 Ill. App. 3d 264, 267 (1998).  The present case involves only questions of law, and collateral estoppel is therefore not applicable.      

Upon our review of the record, we determine that the administrative law judge did not err in determining that the actual transportation of refuse was merely incidental to Admiral's business as a refuse collector.  Admiral provides a service.  For a fee, it provides refuse containers and then empties the containers at set intervals.  It subsequently transports the refuse to one of two landfill sites, but it is counterintuitive to assume that Admiral is primarily in the business of transporting refuse.  This is merely an incidental element of its business.  Therefore, we find that Admiral is not a carrier for hire and is not entitled to the rolling stock exemption of the Act.    

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and THOMAS, JJ., concur.